Irving A. Levine, Plaintiff-Appellee, v. Jerome Pascal and Arlene L. Pascal, Defendants-Appellees, v. Palos State Bank and American National Bank of Chicago as Trustee Under Trust No. 15222, Third Party Respondents-Appellants.

Gen. No. 51,628.

First District.

April 3, 1968.

Nicholas T. Kitsos, of Chicago, for appellants.

James A. Chatz and M. Leslie Kite, of Chicago, for appellee.

MORAN, J.

This appeal arises from a judgment of the Circuit Court of Cook County in favor of the plaintiff, Irving A. Levine, in a supplementary proceeding by citation brought by plaintiff under section 73 of the Civil Practice Act, chapter 110, Illinois Revised Statutes 1965.

The facts leading up to the present litigation as stipulated to by the parties, reveal that in December, 1957, the defendants, Jerome Pascal and Arlene L. Pascal, his wife, purchased and became owners in joint tenancy of a lot improved with a single-family home situated in Highland Park, Lake County, Illinois. The property was encumbered at that time with a first mortgage in the sum of $18,000 in favor of the First Federal Savings and Loan Association, Chicago, Illinois. Neither party to this case challenges the priority of this mortgage to the claims and liens at issue.

On February 23, 1960, defendants Jerome and Arlene L. Pascal entered into a written land trust agreement with the respondent, American National Bank of Chicago as Trustee, the trust being designated No. 15222. Under the terms of this land trust, Jerome Pascal and Arlene L. Pascal, his wife, were designated the beneficiaries of the trust as joint tenants with the right of survivorship and with the power of direction as to the beneficial interest. The agreement further designated the lot and home situated in Highland Park, Lake County, Illinois, as the subject matter and corpus of the trust. Defendants then deeded the property to American National Bank of Chicago as Trustee, who remains the title holder at this time.

A few years later, on May 22, 1964, the defendant, Jerome Pascal, assigned to his wife, Arlene L. Pascal, his beneficial interest and power of direction in Trust No. 15222, which was subsequently filed and noted by the Trustee.

In September of 1964, the Pascals negotiated with respondent Palos State Bank for a loan in the sum of

46

■

$37,150.90. The defendants agreed to pledge as collateral the beneficial interest and power of direction of Trust No. 15222 then vested in defendant Arlene L. Pascal. Therefore, on September 25, 1964, Arlene L. Pascal executed an assignment to the Palos State Bank of the beneficial interest in land Trust No. 15222 for purposes of securing the loan to be made to her and her husband by the respondent. Neither at this time nor at any subsequent date did respondent, Palos State Bank, file either a financing statement with the Secretary of State, pursuant to section 9–401(c), chapter 26, Ill Rev Stats 1965, or a mortgage with the local recorder's office, although all parties to this controversy admit that the defendants and the respondent did effectuate a binding security agreement between themselves.

Together with the assignment of the beneficial interest in Land Trust No. 15222 and the power of direction, Jerome and Arlene L. Pascal executed and delivered to the respondent, Palos State Bank, three promissory notes, following which the respondent loaned them the sum of $37,150.90. Thereafter, they defaulted on their payments due under these notes and on January 18, 1965, respondent, Palos State Bank, gave notice to them that legal proceedings would be instituted if they did not make good on the notes.

However, on February 16, 1965, approximately four months after the respondent, Palos State Bank, had lent the sum of $37,150.90 to the defendants, the plaintiff, Irving A. Levine, secured a judgment against the defendants in the sum of $17,622.50. The plaintiff's complaint in that action was based upon a promissory note dated April 21, 1962 and executed and delivered for value by the defendants in the principal sum of $18,000. Plaintiff sued on the note for the balance due plus interest and attorney's fees, totaling $17,622.50. Following judgment, plaintiff instituted action to execute on the judgment and to discover assets belonging to the defendants. On Febru-

ary 18, 1965, a writ of execution was issued by the Circuit Court of Cook County on the judgment, and the court clerk issued a citation to discover assets under authority of section 73, chapter 110, Civil Practice Act, Illinois Revised Statutes 1965.

Discovery initially was directed to the defendants and the respondent American National Bank as Trustee under Trust No. 15222. On March 26, 1965 the plaintiff issued a citation against the Palos State Bank, returnable the 6th day of April, 1965. On April 6, 1965, the Circuit Court continued the proceedings to April 20, 1965.

That day, the plaintiff presented affidavits representing that Arlene L. Pascal is the beneficiary of Trust No. 15222, that she assigned the beneficial interest to the respondent, Palos State Bank, that the parties did not sign or file a financing statement with the Secretary of State of Illinois as required by the Commercial Code, that as a result, the purported transaction was void as to plaintiff, and prayed that the court find the interest of Palos State Bank in the land Trust No. 15222 subordinate to the plaintiff's judgment lien.

On May 3, 1966, the Circuit Court of Cook County entered its final order finding the plaintiff, Irving A. Levine, to be the holder of a good and valid execution lien superior to the interest of Palos State Bank and ordering Arlene L. Pascal and the Palos State Bank to assign to the Sheriff of Cook County, the beneficial interest in land Trust No. 15222 for a subsequent sale for the benefit of the plaintiff.

Appellant, Palos State Bank, assigns error below on four separate legal issues. In the first place, appellant challenges any determination of this case under the provisions applicable to the Commercial Code of Illinois, chapter 26, Illinois Revised Statutes 1965. Palos State Bank argues that section 9–104(j) of the Commercial Code exempts from coverage any interest in or lien on real estate, and cites authority for the proposition that

the beneficial interest in the land trust assigned to it is a real property interest.

Appellant next argues that even should the Commercial Code apply, the plaintiff is not a lien creditor under the provisions of section 9–301 of the Code so as to strip the Palos State Bank of its security interest in the beneficial interest of land Trust No. 15222.

Thirdly, appellant urges that regardless of the court's disposition of the question of plaintiff's status as a lien creditor, Palos State Bank had a perfected security interest in the beneficial interest of the land trust on the theory that recording the security assignment of the Palos State Bank with the land trustee was an act of possession intended by the Commercial Code (section 9–305) as a perfection of a security interest without filing and good against a lien creditor.

Lastly, appellant cites Rule 24 of the Illinois Supreme Court Rules, as authority for its argument that plaintiff's supplementary proceedings under section 73 of the Civil Practice Act terminated automatically after six months since the trial court attempted to extend the proceeding other than by successive thirty day continuances. Thus the final order was a nullity.

Appellant relies heavily, if not completely, on Gordon v. Gordon, 6 Ill2d 572, 129 NE2d 706, in support of its argument that under the facts of this case, the beneficial interest in land Trust No. 15222 is an equitable interest in real estate and therefore exempt from the Commercial Code. Gordon involved a separate maintenance action filed by Esther Gordon against her husband who had deserted her and moved to California. Mr. Gordon still owned substantial property in Illinois, among which was certain Kane County property held in trust by the American National Bank of Chicago for the benefit of Mr. Gordon. The Illinois Supreme Court upheld the Circuit Court's decision, ordering discharge of the support pay-

ments out of the trust held by American National Bank. The court took note of the fact that the trust agreement had neither been pleaded nor offered in evidence and in concluding that the situs of Gordon's interest was in Illinois since he possessed a beneficial interest in real estate, the court said: "The nature of a beneficiary's interest is dependent upon the terms of the trust agreement. In the absence of an express provision to the contrary, the beneficiary is ordinarily the equitable owner of the trust res. If the corpus of the trust is real property, the interest of the beneficiary is also real property." Id. at 575.

For the reasons set out herein, we find the rule laid down in Gordon v. Gordon, supra, inapplicable.

██ The Illinois land trust, by its very nature, is characteristically different from common-law land trusts. While the common law accomplishes a split between the legal title in the trustee and the equitable title in the beneficiary, in an Illinois land trust, the trustee has both legal and equitable title. (See Chicago Federal Savings & Loan Ass'n v. Cacciatore, 33 Ill App2d 131, 138, 178 NE2d 888.) By placing with the trustee the "full, complete and exclusive title to the real estate, both legal and equitable," the beneficiary in an Illinois land trust is left with a personal property interest only. Chicago Federal Savings & Loan Ass'n v. Cacciatore, 25 Ill2d 535, 185 NE2d 670. Numerous other cases stand for the proposition that the interest of the beneficiary of an Illinois land trust is personal property. Chicago Title & Trust Co. v. Mercantile Bank, 300 Ill App 329, 20 NE2d 992; Horney v. Hayes, 11 Ill2d 178, 142 NE2d 94; Seno v. Franke, 20 Ill2d 70, 169 NE2d 335; Sterling Savings & Loan Ass'n v. Schultz, 71 Ill App2d 94, 218 NE2d 53.

Appellant contends that the failure to introduce the trust agreement between the Pascals and the American National Bank of Chicago into the trial record and show by the provisions of that agreement that the beneficiary

of Trust No. 15222 held a personal property interest brings this case under the rule of presumption set down in Gordon v. Gordon, supra, that the beneficiary's interest relates directly to the subject matter of the trust. In the first place, Gordon v. Gordon is not a case involving an Illinois land trust and therefore the rule evolved more appropriately applies to the general law of trusts than to the specific subject of the Illinois land trust. It is noted on page 575 of the Court's opinion in the Gordon case that, "the answer of the defendant bank, the sole appellant, admits that Gordon owns the entire beneficial interest in the real estate being held in trust." Such evidence of equitable ownership of real property is inconsistent with a conclusion that this case involved the Illinois land trust.

Furthermore, although the trust agreement of Trust No. 15222 was not pleaded by the plaintiff nor in any other manner made part of the trial court record, it appears from the Agreed Statement of Facts filed with the Circuit Court of Cook County on January 26, 1966 that the defendants, Jerome and Arlene L. Pascal, entered into a written *land* trust agreement with the American National Bank and Trust Company of Chicago as Trustee on February 23, 1960. This fact was therefore evidence before the court.

We know, also, from the trial court record that Trust No. 15222 remains in full force and effect. It was the beneficial interest of this *land* trust that Arlene L. Pascal acquired as full and complete owner on May 22, 1964 when Jerome Pascal assigned to her his undivided one-half interest. And it was the same beneficial interest which Arlene Pascal assigned to the Palos State Bank on September 25, 1964, as collateral for purposes of securing a loan. Appellant therefore admits as evidence before the court that Trust No. 15222 was a land trust and that it was the assignee of the beneficial interest of this land trust. It is a reasonable conclusion in this situation that

51

Palos State Bank acquired an interest in personal property as collateral for its loan, since by the weight of authority in Illinois, a beneficial interest in a land trust is personal property.

 Having determined that the assignment by Arlene Pascal to Palos State Bank on September 25, 1964, of her beneficial interest in land Trust No. 15222 created an interest in personal property, the provisions of the Commercial Code, section 9, chapter 26, Illinois Revised Statutes 1965, govern the transaction. The question before this court is, what are the rights of plaintiff, a judgment creditor as to defendants, Jerome and Arlene L. Pascal, in the beneficial interest of Trust No. 15222. Appellant claims superior title to the beneficial interest of this land trust by virtue of holding a security interest, though unperfected, in the trust as collateral for its loan of $37,150.90, to the defendants. Alternatively, appellant claims the status of a perfected security interest holder under appropriate provisions of the code.

Regarding appellant's argument that it holds superior title to the beneficial interest as an unperfected security interest holder, plaintiff admits the validity of the security agreement between Palos State Bank and the defendants. On the basis of section 9-301(1)(b) of the Commercial Code, however, plaintiff urges that he is a lien creditor who acquired this position without knowledge of appellant's security interest in the land trust, and before it was perfected. Palos State Bank answers by challenging plaintiff's status as a lien creditor. Its argument proceeds on the theory that plaintiff does not fit the definition of a lien creditor advanced in section 9-301 (3) of the Commercial Code, since a beneficial interest in a land trust is a chose-in-action and not subject to a lien by a writ of execution. In support of its position, appellant cites Crawford v. Schmitz, 41 Ill App 357, which holds that choses-in-action are not subject to seizure and sale under execution. He then cites Citizens Nat. Bank of

Chicago v. Grossman, 21 Ill App2d 573, 159 NE2d 22, for the proposition that a beneficial interest in a land trust is not the proper subject of a garnishment. Finally, appellant relies on Chicago Federal Savings & Loan Ass'n v. Cacciatore, 25 Ill2d 535, 185 NE2d 670. In that case the court was called upon to determine priority between the beneficiary of a land trust and the federal government claiming interest in the land trust through a tax lien. The court observed on page 544, 25 Ill2d 535, that a creditor could reach the beneficial interest in a land trust "either by a creditor's bill, or other appropriate and timely proceedings." Appellant construes this language, together with the thrust of the previously mentioned cases, to imply that a writ of execution is an inappropriate proceeding for reaching the beneficial interest of a land trust. Plaintiff, on the other hand, urges that a writ of execution comes within the heading of "other appropriate" proceedings, envisaged by our Supreme Court.

While appellant cites no direct authority and none has been discovered by this court for the principle that the beneficial interest of a land trust is a chose-in-action, such a conclusion might well be valid. The term "chose-in-action" is of very comprehensive import and includes the almost infinite variety of contracts, covenants and promises which confer on one party the right to recover personal property, chattels, or a sum of money from another by action, and is a right to receive or recover a debt or money due on a bond, note, or other contract or damages for breach of a covenant. See Chaffin v. Nichols, 211 Ill App 109. Furthermore, the concept of a chose-in-action does not appear inconsistent to this court with the Commercial Code definition in section 9–106 of a "general intangible."

However, we need not decide the issue whether the beneficial interest of a land trust is a chose-in-action and thus untouchable by a writ of execution for purposes of this case because this appeal arises from a supple-

mentary proceeding by citation brought by plaintiff under section 73 of the Civil Practice Act, chapter 110, Ill Rev Stats 1965. Subsection (2) (e) of this section vests the courts of this state with the power to "compel any person cited to execute an assignment of any *chose-in-action* or conveyance of title to real or personal property in the same manner and to the same extent as a court of chancery could do in any proceeding by a judgment creditor to enforce payment of a judgment or in aid of execution." (Emphasis added.) Subsection (5) further allows for an appearance and argument by any person other than the judgment debtor who claims an interest in the property or chose-in-action.

Plaintiff acquired the status of a judgment creditor as to defendants Jerome and Arlene L. Pascal on February 16, 1965. On February 18, the Circuit Court issued a Writ of Execution on the judgment. Citation proceedings under section 73 of the Civil Practice Act were commenced against the appellant, Palos State Bank on March 26, 1965.

■ ■ Palos State Bank admits in its brief that a creditor's suit in the nature of a bill in chancery under section 22, chapter 49 of the Illinois Revised Statutes 1965, would be an available remedy to plaintiff as a judgment creditor; appellant then proceeds on the basis of the Cacciatore case, supra, arguing that since the creditor's bill was the proper remedy for a judgment creditor to reach the beneficial interest in a land trust, a writ of execution is not a proper method and therefore plaintiff is foreclosed as to a remedy. This argument ignores the fact that plaintiff pursued two remedies following the confession of judgment against the defendants. As well as procuring a writ of execution, plaintiff initiated citation proceedings under section 73 of our Civil Practice Act. Having the status of judgment creditor, this remedy was available to plaintiff and sufficient to establish his claim to the beneficial interest of Land

Trust No. 15222. Clearly, plaintiff became a lien creditor as defined in section 9–301(3) of the Commercial Code when the writ of execution was placed in the hands of the sheriff. See chapter 77, section 9, Ill Rev Stats 1965, and Century Pipe & Supply Co. v. Empire Factors, 19 Ill App 2d 165, at 169, 153 NE2d 298. While it may be doubtful whether the plaintiff could effectively enforce his lien by means of the writ of execution, there is no doubt that he could do so through citation proceedings.

■ Thus it is of no materiality in this case whether the beneficial interest in a land trust be categorized as a chose-in-action or some other form of personal property. A judgment creditor may attach on either under chapter 73, subsection (2)(e) of the Civil Practice Act. Such proceeding may well have been what our Supreme Court had in mind in Chicago Federal Savings & Loan Ass'n v. Cacciatore, supra, when they said at page 544, 25 Ill2d 535, 185 NE2d 670, that a creditor could reach the beneficial interest of a land trust by a creditor's bill, "or other appropriate and timely proceedings."

Appellant's final challenge to plaintiff's status as a lien creditor concerns the requirements set out in section 9–301(1)(b) of the Code that plaintiff assume to the position of lien creditor without knowledge of appellant's security interest in the collateral. Simply stated, Palos State Bank contends that plaintiff has the burden of proving his lack of such knowledge and that the evidence discloses a total failure of the plaintiff to meet this burden. Plaintiff counters with the argument that the burden rests with the appellant to prove such knowledge existed. For the reasons herein set out, we must agree with the plaintiff.

■■ While this precise issue is one of first instance before our court, the law seems consistent on the point that one need not prove a negative averment, the burden of proof being on the party who asserts the affirmative. In re Estate of Sandusky and Appeal of Sandusky, 321 Ill

App 1, 52 NE2d 285; Schmisseur v. Beatrie, 147 Ill 210, 35 NE 525; People v. Fusco, 397 Ill 468, 74 NE2d 531. Also helpful on the point at issue is the recent Pennsylvania case cited by plaintiff for the holding that actual knowledge is a question of fact on which a party trying to upset a lien creditor would have the burden of proof before the court. In re Komfo Products Corp., 247 F Supp 229 (1965). Though this holding from a foreign jurisdiction is not binding upon us, yet it is particularly persuasive in view of the recent intrusion of the Commercial Code as law in this state and the uniformity of our law compared with substantive provisions of the Commercial Code in Pennsylvania and other sister jurisdictions.

Based on the weight of this last holding and our prior determination in this case, we find that the plaintiff, Irving A. Levine, has sufficiently established himself as a lien creditor holding superior claim to the beneficial interest of land Trust No. 15222 against Palos State Bank's claim as an imperfected security interest holder. We now turn to appellant's argument that it holds a perfected security interest in the collateral.

Since Palos State Bank never filed its security agreement with the Secretary of State, no claim is raised under the appropriate Code sections for a perfection by filing. Section 9–305, however, permits perfection of a security interest in an instrument by the secured party taking possession of the collateral. Appellant argues it did just that when it placed itself on the records of the land trustee as the owner and holder of the beneficial interest of Trust No. 15222. Under this analysis, the written land trust agreement between the trustee and the original beneficiaries constitutes the instrument and all the requirements of section 9–105(g) of the Code, defining "instrument," can be found in a land trust agreement.

We must discard this argument which, though persuasive, conflicts with the interpretation that the bene-

ficial interest of a land trust for purposes of the Commercial Code is more aptly described as a "general intangible." Under the Code, " 'Instrument' means a negotiable instrument (defined in section 3–104), or a security (defined in section 8–102) or any other writing which evidences a right to the payment of money and is not itself a security agreement or lease and is of a type which is in ordinary course of business transferred by delivery with any necessary indorsement or assignment." Section 9–105(g). We know from the trial record that included in the beneficial interest of Trust No. 15222 is not only the "payment of money" but the power of direction of this personal property. Furthermore, the bundle of rights vested in a beneficiary of a land trust by virtue of the trust arrangement, as we have noted earlier in this opinion and as has been urged by the appellant, can be considered a chose-in-action.

Section 9–106 of the Code provides: " 'General Intangibles' means any personal property *(including things in action)* other than goods, accounts, contract rights, chattel paper, documents and instruments." (Emphasis added.) Also helpful on this issue are the comments of Mr. Davenport to section 9–106 contained in Smith and Hurd's Illinois Annotated Statutes, chapter 26, wherein he illustrates the beneficial interest in a land trust as an example of a general intangible.

A security interest in general intangibles may be perfected only by filing. Section 9–302. Palos State Bank could very easily have availed itself of the filing procedure set out in section 9–401 of the Commercial Code and thereby attained a perfected security interest in the beneficial interest of land Trust No. 15222. We need not delve into the reasons for such omission.

For its final assignment of error, appellant contends that the citation proceedings against Palos State Bank automatically terminated before the entry of the Circuit Court's final order. They cite Supreme Court Rule 24

regarding the conduction of a citation proceeding under section 73 of the Civil Practice Act which provides:

"(6) A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or a satisfaction of the judgment or decree, but in any event terminates automatically 6 months from the date of service of the citation by which it is commenced. However, the court may grant successive 30-day extensions."

The Palos State Bank was served with a citation in these proceedings on March 29, 1965. The order entered from which an appeal was taken was entered on May 3, 1966. Appellant contends that while there exists a possibility that the proceedings could be extended beyond 6 months by order of the court providing for consecutive thirty-day continuances, that the trial court twice continued the proceedings for periods in excess of thirty days. The record discloses that on November 29, 1965, proceedings were continued to January 26, 1966, and subsequently continued from January 26, 1966 to April 22, 1966.

In support of its position, appellant relies on Celano v. Frederick, 54 Ill App2d 393, 203 NE2d 774, wherein the court states at page 403, "The time limitation of paragraph (6) seems to have been adopted simply for the purpose of avoiding what could otherwise be a very real harassment, not only of the judgment debtor but also of third parties. It is our opinion that paragraph (6) limits the time for conducting a 'proceeding' under the rule, but does not limit the efficacy of a final order entered under the authority of Section 73."

The thrust of this case in which reference is made to the purpose of Rule 24, of avoiding harassment to the litigating parties, is consistent with Illinois law that the Supreme Court Rules are to be construed liberally

and not literally. People ex rel. Wilmette State Bank v. Village of Wilmette, 294 Ill App 362, 13 NE2d 990. While rules of court are to be obeyed, "unswerving obedience" is not demanded where no material harm is done to any litigant. People v. Davis, 357 Ill 396, 400, 192 NE 210, 212. As far back as 1906 we have held, "Even when the court acts contrary to its rules, this will not be ground for reversal, unless it is apparent that injustice has been done." Hunt v. Pronger, 126 Ill App 403, 407.

No injustice to or harassment of the appellant is evidenced by either the November 29 continuance order or the order of January 26, 1966, continuing proceedings to April 22, 1966. In the first instance, the court found that no factual issue had been presented by the parties to justify a final order and extended the proceedings to January 26, 1966, to allow preparation of an agreed statement of facts and submission of legal memorandums by both parties. This can hardly be countenanced as an injustice or harassment of appellant's interests. And the continuance ordered on January 26 to April 22, 1966 was founded on the express consent of both parties to allow additional time for the filing of the legal memorandums which they had failed to prepare by the January 26 deadline due to a delay in obtaining a transcript of the record. Thus the evidence demonstrates a departure from the approved procedure based on good cause and the dictates of justice.

The judgment of the trial court is therefore affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.