FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Plaintiff, *v.* JOHN M. POGUE *et al.*, Defendants.—(CITIZENS NATIONAL BANK OF DOWNERS GROVE, Defendant-Appellant; OAK BROOK BANK *et al.*, Defendants-Appellees.)

Second District   No. 78-203

Opinion filed May 8, 1979.

Edward W. Barrett, of Crowley, Barrett & Karaba, of Chicago, for appellant.

John T. Duax, of Martin, Drucker, Karcazes & Duax, of Chicago, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Priority between judgment creditors to the proceeds of sale following foreclosure of a condominium unit mortgage is in issue in this appeal.

The Citizens National Bank of Downers Grove (Downers Grove) claims priority under an assignment of beneficial interest in a land trust holding title to the subject property executed by the defendants, John M. Pogue and Betty M. Pogue, his wife, in December 1974. It alleges that the assignment stood as security for loans made to Dixie Mining Co., of which John M. Pogue was president, later reduced to judgment by confession in December of 1976 in the amount of $393,632.33. The Oak Brook Bank (Oak Brook) claims priority under a judgment confessed on July 29, 1976, in the amount of $29,815.90.[1]

The trial court ruled that Oak Brook had a lien for $32,491.98 (its confirmed judgment plus interest) on the proceeds of the foreclosure sale, inferior to the lien of the first mortgage of First Federal Savings & Loan of Chicago (First Federal) but superior to all others including Downers Grove. The premises were sold to Oak Brook as the highest bidder at the foreclosure sale for $138,300.07, from which $105,808.09 satisfied First Federal's lien with the balance of $32,491.98 ordered paid to Oak Brook. Downers Grove appeals.

The Pogues, then record owners of the property, executed a mortgage to First Federal which was recorded in July of 1974. On or about December 27, 1974, the Pogues conveyed the premises, subject to the mortgage, to Downers Grove as trustee of a land trust.[2] On December 30, 1974, Downers Grove loaned $361,000 to Dixie Mining Company of which John M. Pogue was president pursuant to a promissory note of that date. The note was secured by an assignment of the beneficial interest in the land trust on December 30, 1974, together with other assignments,

---

[1] The Pogues have filed suit to vacate the Downers Grove judgment and this is pending in Du Page County together with a counterclaim in this suit. The Oak Brook judgment had been confirmed in Cook County prior to the sale here. A further judgment in favor of Oak Brook against the Pogues by confession entered in June of 1976 in the amount of $152,881.91 is apparently still pending on a motion to vacate.

[2] The land trust document has not been offered in evidence by either party but all have referred to it throughout as an Illinois land trust.

pledges and guarantees. Although Downers Grove concedes that its judgment against the Pogues was later in time than the Oak Brook judgment, it claims that its perfection of a prior security interest gives it priority. Oak Brook argues that no prior security interest was perfected. We conclude, however, that the trial court erred in granting priority to Oak Brook.

A beneficial interest in an Illinois land trust is an interest in personal property and not a direct interest in the real estate res of the trust. (See *People v. Chicago Title & Trust Co.*, 75 Ill. 2d 479 (1979); *Levine v. Pascal*, 94 Ill. App. 2d 43, 50 (1968); *Department of Conservation v. Franzen*, 43 Ill. App. 3d 374, 379 (1976).) While a judgment becomes a lien on real estate when evidence of it is recorded in the county in which the real estate is located (Ill. Rev. Stat. 1977, ch. 77, par. 1), registration of a judgment against the beneficiary of an Illinois land trust in the county where the trust real estate is situated does not have the effect of impressing the real estate with a judgment lien. (See, *e.g.*, *Sterling Savings & Loan Association v. Schultz*, 71 Ill. App. 2d 94, 106-07 (1966). See also *Nelson v. Folegstrom*, 5 Ill. App. 3d 804, 806 (1972).) Therefore, when Oak Brook filed its judgment of $29,815.90 against John M. Pogue, it appears that Mr. Pogue had no actual ownership or record title to property in Du Page County upon which a lien could be impressed. In fact, that evidence shows that the record title at that time was in Downers Grove as trustee under its Trust No. 804.

It then follows that Downers Grove acquired no rights by recording its judgment on December 7, 1976, and it so concedes. But it argues, and we think persuasively, that by the assignment of Pogues' beneficial interest to it long prior to Oak Brook's recording of its judgment it has become entitled to a prior claim to the proceeds of the sale. The principles applicable to acquiring a security interest in the beneficial interest in an Illinois land trust are those applicable to acquiring a security interest in personalty. (See, *e.g.*, *Shefner v. University National Bank*, 40 Ill. App. 3d 978, 980-81 (1976).) The creation of a security interest in personal property is governed by article 9 of the Illinois Uniform Commercial Code. See, *e.g.*, Ill. Rev. Stat. 1977, ch. 26, par. 9—101 *et seq.* See also *Levine v. Pascal*, 94 Ill. App. 2d 43, 52 (1968).

The Pogues assigned their beneficial interest to Downers Grove on or about December 30, 1974, and this assignment is governed by Public Act 77-2810, effective July 1, 1973. (Ill. Rev. Stat. 1977, ch. 26, par. 9—302; *cf. Mid-West National Bank v. Metcoff*, 23 Ill. App. 3d 607, 612 (1974).) The amendment changes that aspect of the opinion in *Levine v. Pascal* which had held that a secured interest in the beneficial interest of an Illinois land trust could only be perfected by filing a financing statement with the Illinois Secretary of State. The amendment expressly excepted from that

requirement "a security interest created by an assignment of a beneficial interest in a trust * * *." Ill. Rev. Stat. 1977, ch. 26, par. 9—302(1)(c).

Subsection 9—203(1) of the Illinois Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 9—203(1)) provides that a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless the following three steps have been taken:

> "(a) [T]he collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral * * * ; and
> (b) value has been given; and
> (c) the debtor has rights in the collateral."

A further provision in the statute provides that attachment occurs as soon as all of these three events have taken place "unless explicit agreement postpones the time of attaching." (Ill. Rev. Stat. 1977, ch. 26, par. 9—203(2).) The code further provides that "[a] security interest is perfected when it has attached and when all of the applicable steps required for perfection have been taken. Such steps are specified in Sections 9—302, 9—304, 9—305 and 9—306." Ill. Rev. Stat. 1977, ch. 26, par. 9—303(1).

While Oak Brook argues that all other steps requisite for perfection were not taken, we cannot agree. The only applicable step set forth in section 9—302 for the perfection of a security interest governed by the section is the filing of a financing statement; however, by the explicit terms of section 9—302(1)(c), it is not necessary to file such a statement to perfect a security interest in that class of "general intangibles" consisting of all beneficial interests in land trusts. It therefore appears that Downers Grove's security interest in the Pogue beneficial interest attached and was perfected on December 30, 1974.

A perfected security interest takes priority over the rights of one who becomes a lien creditor after the security interest is perfected. (*Peterson v. Ziegler*, 39 Ill. App. 3d 379, 385-86 (1976).) It therefore appears that Downers Grove's security interest, perfected on or about December 30, 1974, takes priority over any lien Oak Brook might have in the proceeds of the sale based on its judgments obtained against one or both of the Pogues in June and July of 1976.

Oak Brook has also argued that Downers Grove was not in the position of one having a perfected security interest in the beneficial interest of the trust; but rather was in the position of holding an "equitable mortgage." It reasons that the conveyance of the subject property on or about December 27, 1974, by the Pogues to Downers Grove as trustee was a necessary condition to the making of the loan by Downers Grove to

Dixie Mining of which John Pogue was president; and that, therefore, the conveyance itself is in the nature of an equitable mortgage. From that it reasons that the conveyance to Downers Grove in the nature of a mortgage did not have the effect of passing the fee to Downers Grove as trustee of the land trust with the result that the Pogues remained the legal owners of the subject property and Oak Brook's judgment against Pogue became a lien against the real estate at the time the memorandum of judgment was filed with the Du Page County recorder of deeds.

■■■ It is true that one may look to the substance and not the form of a transaction to determine whether a conveyance absolute in form is in reality a mortgage. (See *Havana National Bank v. Wiemer*, 32 Ill. App. 3d 578, 583 (1975).) Therefore, a trust deed absolute in form will be regarded as a mortgage where the evidence indicates that a conveyance to the trustee was made merely as security for a loan of money and that the parties contemplated that the grantee would reconvey the fee to the grantor upon satisfaction of the debt. (See, *e.g., DeVoigne v. Chicago Title & Trust Co.*, 304 Ill. 177, 182-83 (1922).) This might be persuasive here if the trust instrument had provided for sale of the subject property upon default in the repayment of the debt, and if it had clearly appeared from the agreement that the trust was created purely as security for a debt. (*Quinn v. Pullman Trust & Savings Bank*, 98 Ill. App. 2d 402, 405 (1968).) However, from the record in this case there is no proof that the document contained a covenant by which the grantee promised to reconvey the fee to the grantor upon discharge of the debt or that there was a provision for sale of the subject property upon default. The parties throughout have treated the document as a trust in the form of an Illinois land trust which would preclude by its nature any agreement to reconvey upon payment of the indebtedness. (*DeVoigne v. Chicago Title & Trust Co.*, 304 Ill. 177, 182-83). Oak Brook has therefore failed to meet its burden of showing that the trust in question is in actuality a mortgage.

Oak Brook has also argued that Downers Grove should not have priority because it has not taken any steps to "foreclose" on its security interest in the beneficial interest in the land trust; and that therefore the right to the excess proceeds generated by the sale of the property would still belong to the Pogues. However, we do not know of any further step Downers Grove was required to take to become the owner of the beneficial interest once its security interest attached and was perfected and a default thereafter occurred. Section 9—503 of the Commercial Code specifically provides that "[u]nless otherwise agreed a secured party has on default the right to take possession of the collateral" (Ill. Rev. Stat. 1977, ch. 26, par. 9—503); and section 9—504 governs the secured party's right to dispose of the collateral after default; he may "sell, lease or otherwise dispose" of the collateral. Ill. Rev. Stat. 1977, ch. 26, par. 9—504.

We therefore reverse the judgment and remand the cause with directions to the trial court to find that the claim of Oak Brook is junior to the interest, if any, of Downers Grove in the proceeds of the foreclosure sale. Oak Brook is also directed to account for any sums credited to or received by it as a result of the sale of the subject property and distribution of the proceeds from the sale and to pay over any such credit. or sums to the clerk of the circuit court of Du Page County to be held pursuant to the further order of the trial court, pending the resolution of the litigation between the Pogues and Downers Grove.

Reversed and remanded with directions.

RECHENMACHER and NASH, JJ., concur.