491 So.2d 1315 (1986)
Charles R. MAGNUSON, Appellant,
v.
Nellie May JONES, Appellee.
No. 85-1320.
District Court of Appeal of Florida, Fifth District.
August 7, 1986.
*1316 Bernard D. Sommers, Maitland, for appellant.
Harvey M. Alper, of Massey, Alper & Walden, P.A., Altamonte Springs, for appellee.
SHARP, Judge.
Magnuson appeals from a judgment denying his right to foreclose Jones' beneficial interest in an Illinois Land Trust pursuant to Chapter 679 of the Florida Uniform Commercial Code. The trial court ruled that Magnuson had predicated his suit on section 679.501(4), Florida Statutes (1983), and that Chapter 679 (The Florida Uniform Commercial Code) is not a substitute for foreclosing mortgages on real property. We reverse.
In this case, the record establishes Magnuson filed a complaint seeking to declare a default and obtain an accounting, judicial sale of the beneficial interest, and a deficiency judgment pursuant to Chapter 679. At trial, he established he obtained title to Lot 18, Block C, Washington Oaks, located in Seminole County by Quit Claim Deed from Jones, dated January 12, 1984. He then conveyed the property to himself as trustee of a trust agreement dated May 25, 1984, an Illinois Land Trust pursuant to section 689.071, Florida Statutes (Supp. 1984). Magnuson then conveyed to Jones the beneficial interest in the trust.
On June 6, 1984, Jones executed and delivered to Magnuson a promissory note, an assignment of her beneficial interest in the trust, and a collateral security agreement referencing both documents. The security agreement expressly declared it was not intended to be a real estate mortgage, but was a "collateral security agreement on personal property governed under terms *1317 of the Uniform Commercial Code (UCC) as adopted in Florida," and it disclaimed the existence of any right of redemption.
Although there is no transcript of the trial below, the parties agree the trial court made its ruling at the close of Magnuson's case, solely on the basis that foreclosure of Jones' interest in the land trust had to be pursuant to foreclosing a real estate mortgage rather than judicial sale of an interest in personalty, pursuant to the Uniform Commercial Code. Jones neither alleged nor had the opportunity to prove the transaction was in essence or reality a real estate mortgage, or that no default occurred under the promissory note and collateral security agreement.
A beneficiary's interest in an Illinois Land Trust created under section 689.071(1), Florida Statutes (Supp. 1984)[1] is not an interest in real estate, but it is expressly characterized as personal property.[2] The land trust agreement in this case fulfills the statute's requirement that it contain a provision defining and declaring the interest of the beneficiary under the trust to be personal property only.
We conclude, on the basis of this abbreviated record, that if the document properly created an Illinois Land Trust, which appellee did not challenge below, that Magnuson could properly seek judicial sale and foreclosure of appellee's assigned beneficial interest in the trust, under Article 9 of the Uniform Commercial Code of Florida, (Chapter 679).[3] This result is also reached in Illinois, from whence comes the entity known as an Illinois Land Trust,[4] if the entity is deemed to be genuine, and not a disguised real estate mortgage.[5] Proof that a trust is in actuality a mortgage is a matter of defense, and must be not only alleged, but proved, First Federal Savings & Loan Association v. Pogue, 72 Ill. App.3d 54, 27 Ill.Dec. 588, 389 N.E.2d 652 (1979), which did not occur in this case.
Accordingly, we reverse the judgment and remand for further proceedings.
REVERSED AND REMANDED.
UPCHURCH, C.J., and COWART, J., concur.
NOTES
[1] Every conveyance, deed, mortgage, lease assignment or other instrument heretofore or hereafter made, hereinafter referred to as "the recorded instrument," transferring any interest in real property in this state, including but not limited to a leasehold or mortgage interest, to any person, corporation, bank, or trust company qualified to act as a fiduciary in this state, in which recorded instrument the person, corporation, bank, or trust company is designated "trustee," or "as trustee," without therein naming the beneficiaries of such trust, whether or not reference is made in the recorded instrument to any separate collateral unrecorded declarations or agreements, is effective to vest, and is hereby declared to have vested, in such trustee full rights of ownership over the real property or interest therein, with full power and authority as granted and provided in the recorded instrument to deal in and with the property or interest therein or any part thereof; provided, the recorded instrument confers on the trustee the power and authority either to protect, conserve and to sell, or to lease, or to encumber, or otherwise to manage and dispose of the real property described in the recorded instrument.
[2] § 689.071(4), Fla. Stat. (Supp. 1984); Goldman v. Mandell, 403 So.2d 511 (Fla. 5th DCA 1981); Taylor v. Richmond's New Approach Association, Inc., 351 So.2d 1094 (Fla. 2d DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978); Ferraro v. Parker, 229 So.2d 621 (Fla. 2d DCA 1969); Florida Real Property Practice II, § 11.32 (Florida Bar Continuing Legal Education Second Edition, 1975).
[3] See In re Cowsert, 14 B.R. 335 (S.D.Fla. 1981).
[4] Ill. Rev. Stat. Ch. 26, § 9-106; Levine v. Pascal, 94 Ill. App.2d 43, 236 N.E.2d 425 (1968).
[5] See Havana National Bank v. Wiemer, 32 Ill. App.3d 578, 583, 335 N.E.2d 506 (1975).