THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE COLES *et al.*, Defendants-Appellants.

First District (4th Division)    No. 76-1100

Opinion filed December 8, 1977.—Rehearing denied January 12, 1978.

James J. Doherty, Public Defender, of Chicago (Kenneth J. Fleischer and Robert P. Isaacson, Assistant Public Defenders, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendants, George Coles and Kevin Johnson, were convicted of armed robbery after a jury trial. The trial court sentenced George Coles to 20 to 60 years in the Illinois State Penitentiary, and Kevin Johnson to 15 to 45 years in the Illinois State Penitentiary. The defendants appeal from the convictions and the sentences.

The only issue we need consider on review is whether or not the trial court abused its discretion in severely limiting cross-examination of the complaining witness with regard to possible bias against the defendants.

The facts of the case are the complaining witness was robbed at

gunpoint on June 10, 1974. The same day she told the police one of the four robbers was her brother-in-law, George Coles. Kevin Johnson was later arrested and charged with the crime. Both defendants presented alibi defenses at trial. During the course of the trial, defense counsel attempted to impeach the credibility of the complaining witness through a series of incidents which would tend to show the bias and prejudice of the complaining witness against the defendants. Among these incidents were: (1) an incident where the complaining witness was severely beaten by her husband due to the fact the defendant had told her husband of an extramarital affair she was having with another man; (2) an incident where the witness "tore up" the defendant's home because of her dislike for him; and (3) an incident where she encouraged her sister, defendant's wife, to abort a child she was expecting since the defendant was the father.

The sixth amendment to the United States Constitution guarantees to all defendants the right to cross-examine the witnesses against them. This right of cross-examination has repeatedly been reinforced by the courts of this nation. In 1931, the United States Supreme Court said in *Alford v. United States* (1931), 282 U.S. 687, 691-92, 75 L. Ed. 624, 627, 51 S. Ct. 218:

> "Cross-examination of a witness is a matter of right. (The Ottawa, 3 Wall. 268, 271, 18 L. Ed. 165, 167.) Its permissible purposes, among others, are that the witness may be identified with his community so that independent testimony may be sought and offered of his ־eputation for veracity in his own neighborhood [citations]; that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment [citations]; and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased."

In the case of *Davis v. Alaska* (1974), 415 U.S. 308, 316, 39 L. Ed. 2d 347, 354, 94 S. Ct. 1105, 1110, the Supreme Court stated:

> "A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony.' 3A J. Wigmore, Evidence, sec. 940, p. 775 (Chadbourn rev. 1970)."

In the case of *United States v. Houghton* (1st Cir. 1977), 554 F.2d 1219, 1225-26, the Court of Appeals said:

> "A defendant has a right to cross-examine as to bias except where such an inquiry would be irrelevant to establishing the credibility of the witness. This judgment is initially that of the trial

court. The determination as to whether this case falls within the well established rules relative to the right of cross-examination must be based on the circumstances which were present at trial. An important consideration is the importance of the witness' testimony in convicting the defendant."

In the instant case it is clear the defendant was denied his right of cross-examination. The possible bias and prejudice were matters for the jury to consider in weighing the evidence. The attitude of the complaining witness is an important element in considering the testimony she gave and was certainly proper material for consideration of the jury.

Accordingly, for the reasons contained herein, the judgments of the circuit court of Cook County as to both defendants are reversed and the cause is remanded to the circuit court for a new trial.

Reversed and remanded for a new trial.

LINN and JOHNSON, JJ., concur.