BANKS, Justice,
for the Court:
I
Here we are presented with the question concerning perfection of a lien on the real property assets of a trust. Merchants National Bank (MNB) appeals from a judg *434 ment entered in the Chancery Court of Warren County denying its claim of priority to proceeds from the sale of real property held in trust for Robert H. Bonelli, deceased. The chancery court determined that, although the bank held a prior perfected security interest in all cash and other personal property held by the bank as trustee of the estate of Robert H. Bonelli Trust, by virtue of assignments made by Bonelli to the bank, those assignments, absent a filing, were insufficient to attach a lien to the real property assets of the trust. Finding that the chancellor committed no error, we affirm.
II
The relevant facts as found by the chancellor are not in dispute. In 1971 Bonelli entered into a revocable trust agreement with MNB as trustee and himself as sole beneficiary of the income and principal. At various times and through various mechanisms, some involving prior trusts settled by Bonelli’s father, that trust was vested with interests in three parcels of real estate.
On October 15, 1974, pursuant to the authority granted in the original trust agreement, Bonelli executed a “Modification of Trust Agreement” which reserved unto the Trustor the right
to assign, mortgage or pledge the income and principal of the aforementioned trust to the Merchants National Bank.
MNB accepted this amendment by the same instrument.
By assignment dated March 9, 1978, Bo-nelli assigned to MNB
all of assignor’s right, title and interest in and to the ‘Robert H. Bonelli’ Trust pursuant to trust agreement of March 10, 1971, together with instrument of modification of said trust agreement dated October, 1974 ... and any property which may be distributed to the Assignor or to the Trustee under said trust agreement to secure the payment and performance of all of the Assignor’s present or future debt or obligation, whether due or to become due, absolute or contingent, to the Assignee.
The assignment further stated
It is the intention of the assignor and the assignor does hereby assign any rights that he has or may have in the future under the ‘Robert H. Bonelli Trust.’ ”
On December 8,1980, Bonelli executed in favor of MNB another similar assignment document together with a promissory note in the amount of $31,000. The note recited that,
This promissory note, whether due or to become due, is secured by those certain instruments of assignment .. March 9, 1978 and December 8, 1980.
The December 1980 note was due on demand and was a renewal of the note dated March 9, 1978. The amount due on the note as of March 4, 1988, was $14,-000.00 principal and $5,168.00 in interest, making a total due of $19,168.00.
By assignment dated September 5, 1984, MNB, Trustee, for Bonelli, assigned, conveyed, pledged and delivered to MNB as creditor,
any and all sums of money now due or to become due by MNB, Trustee for Robert H. Bonelli.
MNB, Trustee for Robert H. Bonelli, executed a promissory note in the principal sum of $17,800.00 at 14% interest to MNB. This note was dated September 5,1984, and due March 4, 1985. It was secured by the assignment dated September 5, 1984. The total amount of principal and interest due on March 4, 1988 was $26,511.77.
Bonelli died on January 31, 1985, leaving a last will and testament. On October 26, the chancery court declared the estate insolvent and directed MNB as executor of the estate to liquidate the assets of the estate pursuant to Miss.Code Ann. § 91-7-261 (1972). The bank filed a petition to sell the interest held by the estate in each of the parcels of real estate. The court entered an order authorizing the sale of the property and directing that the sale proceeds, $34,859.34, be deposited in an escrow account pending resolution of the conflicting claims to the property.
*435 There were numerous probated claims, including those of the Internal Revenue Service (IRS) and the Bank of Mississippi, formerly the American Bank. The IRS made assessments against Bonelli for the years 1983 and 1984. The balance due as of March 4, 1988, for each of the years 1983 and 1984 was $773.90 and $3,865.83, respectively, for a total of $4,639.73. The Bank of Mississippi filed a claim as a general creditor of the estate in the amount of $100,022.39.
No party other than MNB claimed a security interest or a prior perfected lien on the above described land as a result of any document signed by Robert H. Bonelli. The IRS and the Bank of Mississippi took exception MNB’s claim to first priority in the application of the proceeds from the sale as assignee. The Chancellor agreed and this appeal ensued.
Ill
MNB argues that the assignments made by the decedent, Bonelli, give it a prior perfected lien to any and all property in the Robert Bonelli Trust. Conversely, the IRS and the Bank of Mississippi contend that the assignments notwithstanding, MNB was an unsecured creditor and as such was not due a more favored status than other creditors of the estate.
Miss.Code Ann. § 91-9-3 is dispositive of the issue. It provides,
§ 91-9-3. Assignments of trusts.
All grants, assignments, or transfers of any trust or confidence shall likewise be in writing, signed by the party granting or assigning the same, or by last will and testament; or else they - shall likewise be utterly void. Such grant or assignment shall also be acknowledged or proved and recorded, and shall only take effect from the time it is lodged with the clerk for record.
Id. (emphasis added).
Here the assignments were not recorded. If this statute controls, then, MNB does not have a perfected lien on the real property which was the subject of the assignments and has no priority to proceeds of sale of lands in the trust.
MNB argues that it was not required to record its assignment because the assignment was of a beneficial interest in property owned by the trust, pursuant to Miss. Code Ann. § 75-9-302(l)(c) which provides,
(1) a financing statement must be filed to perfect all security interests except the following:
(c) a security interest created by an assignment of a beneficial interest in a trust or a decedent’s estate.
MNB’s reliance upon § 75-9-302(l)(c) is misplaced. The property here in question is real property. The assignments made by Bonelli purported to create a security interest in any -property, either real or personal. It is well-settled law in Mississippi that if the property held in trust consists of both real and personal property, the interest is deemed to be in the nature of real property. See Wells v. Brooks, 24 So.2d 533, 535 (Miss.1946). In Wells, the Court held that an agreement to convey property which “includes both realty and personalty” is considered inseparable and an agreement regarding real property.
Section 75 — 9—104(j) provides in pertinent part,
This chapter does not apply to the creation or transfer of an interest in or -lien on real estate....
Because this section of our Uniform Commercial Code has no application to liens on real property,, this matter is governed by the aforementioned § 91-9-3.
The cases cited by MNB are not applicable to the case at bar. MNB cites In the Matter of the Estate of McGaughey, 55 Ill.App.8d 528, 13 Ill.Dec. 542, 371 N.E.2d 259 (1978) and First Federal Savings & Loan Ass’n of Chicago v. Pogue, 72 Ill. App.3d 54, 27 Ill.Dec. 588, 389 N.E.2d 652 (1979). The cases are inapposite to the case at bar because they concern a peculiar feature of Illinois law — the Illinois Land Trust. They recognize Illinois case law to the effect that a beneficial interest in a land trust is a personal property interest. We have no similar precedent where the underlying interest is one in real property.
*436 MNB also relies upon International Harvester Co. v. The Peoples Bank and Trust Co., 402 So.2d 856 (Miss.1981) for the authority that the assignment of a debt conveys the entire interest of an assignor thereby granting it a priority claim has no application to the case at bar. International Harvester concerned the assignment of a contract for the sale and purchase of truck bodies, not an interest in real property. We held that it was not necessary that the assignment be filed because under the facts of that case the contract in question constituted an “instrument” within the meaning of the Code.
Central to our decision in International Harvester was that the secured party in that case took possession of the contract. Accordingly, under Miss.Code Ann. § 75-9-305 (1972), perfection was properly accomplished by taking possession of the instrument, making filing unnecessary. The instant case, however, concerns an assignment of an interest in real property where the assignee failed to perfect its interest under our law.
IV
The chancellor also found that the IRS has a priority status pursuant to Title 31, U.S.C. § 3713 which provides that the debts owed to the government shall be first paid where there is an insolvent estate. The bank does not dispute the applicability of this section. Title 31, § 3713 U.S.C. states in relevant part,
A claim of the United States Government shall be paid first when the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.
In United States v. Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964), the Supreme Court stated that
When the debtor is insolvent, Congress has expressly given priority to the payment of indebtedness owing the United States, whether secured by liens or otherwise ... [W]here all the property of the debtor is involved, Congress has protected the federal revenues by imposing an absolute priority. Where the debtor is not insolvent, Congress has failed to expressly provide for federal priority ... although the United States is free to pursue the whole of the debtor’s property wherever situated, (citation omitted)
This language notwithstanding, the Court has recognized that certain exceptions could be read into the statute. For instance, in United States v. New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954), the Court stated that the “federal statutes do not attempt to give priority in all cases to liens created under the paramount authority of the United States.” Id. at 84, 74 S.Ct. at 370. The question has not been expressly decided as to whether the priority of the United States might be defeated by a specific and perfected lien upon the property at the time of the insolvency or voluntary assignment. United States v. Waddill, Holland & Flinn, Inc., 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294 (1944).
We need not resolve this issue because we hold that MNB failed to perfect its lien in accordance with Miss.Code Ann. § 91-9-1.
CONCLUSION
Finding that the chancellor committed no error, his decision is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., and HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.
PRATHER, J., not participating.