229 So.2d 621 (1969)
Carl A. FERRARO, Appellant,
v.
Emerson L. PARKER, As Trustee, and Emerson L. Parker, C. Allen Peele, James A. Knowles and Walter J. Sawyer, Appellees.
No. 69-54.
District Court of Appeal of Florida. Second District.
December 17, 1969.
J.H. Chumbley, of Esteva & Chumbley, St. Petersburg, for appellant.
Anthony S. Battaglia and Howard P. Ross, of Parker, Battaglia & Ross, St. Petersburg, for appellees.
PIERCE, Judge.
This is an interlocutory appeal by appellant Carl A. Ferraro, plaintiff in the lower *622 Court, from an order granting a motion to dismiss his amended complaint, filed by defendants below, appellees here, and allowing Ferraro 20 days within which to further amend.
On November 22, 1968, Ferraro filed amended complaint for declaratory judgment, seeking an adjudication that a certain loan agreement be declared a mortgage on his equitable interest in a land trust, and that upon payment by Ferraro to the named defendants of the amount he owed them his interest in the land trust be relieved of the lien.
The amended complaint alleged in substance that on September 27, 1966, Ferraro and the defendants Parker, Peele and Knowles, entered into a trust agreement, mutually amended on November 21, 1966, for the purchase and development of certain real property; that Parker was designated as title holder to hold the bare legal title to the property, with equitable title to be vested in Ferraro and the named defendants as beneficiaries bearing percentages as set forth in the agreement; that thereafter Ferraro made a promissory note for $18,572.10, payable on demand, to Parker, Peele and Knowles, and simultaneously executed a loan agreement wherein Ferraro agreed to put up, as collateral security for the payment of the note, his equitable interest in the land trust; that on March 17, 1967, defendants Parker, Peele and Knowles made demand upon Ferraro for payment of the note by April 5, 1967, with interest due thereon; that the beneficiary defendants contended that upon failure of Ferraro to satisfy the note on said date he had forfeited his interest in the land trust, a part of which had been subsequently sold to defendant Sawyer; that Ferraro contended his interest in the land trust constituted an equitable interest in the real property and that the loan agreement given as security for the note constituted a mortgage on his equitable interest in the trust, and it was therefore incumbent upon defendants to have foreclosed said mortgage before Ferraro could be deprived of his equity of redemption; that on November 21, 1968, Ferraro tendered to defendants the full amount due on the note plus interest, but defendants had refused such tender; that Ferraro was still ready, willing and able to tender the amounts due, and willing to pay the same into the Registry of the Court; and that Ferraro was in doubt as to his duties, rights and interest in the * * * land trust and loan agreement without a judicial determination of his interest in the same. Copies of the foregoing documents were made a part of the amended complaint. Ferraro made no actual payment into the Registry of the Court.
In the amended trust agreement aforesaid it was provided that Parker, as trustee, would hold title to the real property involved for purposes therein mentioned with the right to manage and control the same and receive all proceeds therefrom which would "be deemed to be personal property and may be assigned and transferred as such", with the beneficiaries having only the "power of direction" in connection therewith; that any purchaser of the property, in whole or in part would have no duty or obligation to "see to the application of the purchase money paid therefor", nor would anyone dealing with the trustee be necessarily concerned with the expedience of any act of the trustee; that if any of the beneficiaries failed to contribute his pro rata share "of funds needed from time to time", such beneficiary would forfeit all his rights in the trust and the lands involved, with the remaining beneficiaries receiving beneficial interest on an equal pro rata basis according to their contribution to cover such defaulted share; and that the trustee would from time to time execute such notes and mortgages and "secure such financing that may be, from time to time, required".
The loan agreement provided that Parker, Peele and Knowles had advanced to Ferraro $18.572.10, for which Ferraro had executed to them his promissory note and assignment of his trust participation certificate, and that if said note was paid in *623 full "on or before its due date" the other parties would thereupon re-convey to Ferraro his trust participation certificate.
The trust participation certificate provided that the participation interest represented thereby was "an undivided interest in common in the assets of said trust", and that Ferraro's participation therein was 31% of the lands described therein held in the name of Parker as trustee.
The assignment of the trust participation certificate irrevocably empowered Parker to transfer evidence of participation of the interest represented by said certificate "on the books of the trust" and to pay all sums due or to become due on the certificate to the transferees "with full power of substitution in the premises."
Defendants in the law suit moved to dismiss the amended complaint on numerous grounds, viz.: that Ferraro had failed to redeem any equity he might have, although having had opportunity so to do; that he had failed to pay the note when due and such failure had continued for more than one year and therefore he did "not come into Court with clean hands"; that "the loan agreement was not intended as a mortgage"; that any interest Ferraro may have had in the land trust had already inured to defendants; that Ferraro had been guilty of laches; that he was not entitled to declaratory relief; and that he had "failed to tender into the Registry of the Court such sums as would relieve him from the defaults" set forth in his amended complaint.
After hearing the Court entered its order granting the motion to dismiss, from which order the instant appeal was taken. We affirm.
As we read the amended complaint and the copied documents between the parties thereto attached, we do not see that Ferraro had any justiciable cause for relief. The amended trust was clearly an active trust, as distinguished from a dry or passive trust, and was in the category of an "Illinois Land Trust" contemplated by F.S. § 689.071, F.S.A., which inter alia provides as follows:
"Every * * * instrument heretofore or hereafter made, hereinafter referred to as the recorded instrument, transferring any interests in real property in this state * * * to any person * * * in which said recorded instrument said person * * * is designated trustee, or, as trustee, without therein naming the beneficiaries of such trust * * * shall be effective to vest * * * in such trustee full rights of ownership over said real property * * * with full power and authority as granted and provided in said recorded instrument to deal in and with said property * * *: provided, said recorded instrument shall confer on the trustee the power and authority * * * to sell, * * * or otherwise to manage and dispose of the real property described in said recorded instrument.
(2) Any * * * person * * * dealing with the trustee with respect to said real properties held in trust under said recorded instrument * * * shall not be obligated to inquire into the identification or status of any * * * beneficiaries * * * to whom a trustee may be accountable under the terms of said recorded instrument * * * nor to inquire into * * * the authority of such trustee to act within * * * the powers granted under said recorded instrument, nor to inquire into the * * * disposition of any consideration * * * paid * * * to such trustee in connection with any interest so acquired from such trustee * * *
(3) All persons dealing with the trustee under said recorded instrument * * * shall take any interest transferred by the trustee thereunder within the power * * * provided therein, free and clear of the claims of all * * * beneficiaries of such trust * * * and of anyone *624 claiming * * * under said beneficiaries * * *
(4) In all cases where said recorded instrument, * * * contains a provision defining and declaring the interests of beneficiaries thereunder to be personal property only, such provisions shall be controlling for all purposes where such determination shall become an issue under the laws or in the courts of this state.
(5) This act is remedial in nature and shall be given a liberal interpretation to effectuate the intent and purposes hereinabove expressed."
The enactment of F.S. § 689.071, F.S.A., was forecast in an article some 3 years prior thereto in 13 Florida Law Review, 173, wherein were cited authorities indicating that Florida would follow Illinois in finding and construing such trusts to be active.
This 2nd District Court had occasion in Grammer v. Roman, Fla.App. 1965, 174 So.2d 443, to recognize the applicability in a proper case of F.S. § 689.071, F.S.A., in the course of which opinion is the following:
"Fla. Stat. § 689.07, F.S.A. was supplemented in 1963 by passage of Fla. Stat. § 689.071, F.S.A. This statute is entitled Land Trusts Transferring Interests in Real Estate; Ownership Vests in Trustee. In essence it provides that a deed, in trust, regardless of any reference to an unrecorded trust agreement which does not name the beneficiaries of such trust, shall be effective to vest in such trustee full rights of ownership with full power and authority as provided for in the deed. The amendment provides that it is remedial in nature, its application is to be liberally construed and that it applies to every deed `heretofore or hereafter made.'"
Ferraro in his amended complaint indicates a doubt as to whether the amended trust agreement is an active or a passive trust, but we do not find sufficient allegations to support any theory of a passive trust or to vary what we consider the clear terms of the agreement. The interest of Ferraro in the trust was not an interest in real estate nor would a pledge of that interest be rendered a mortgage, as urged by Ferraro. By executing the amended trust agreement all parties agreed that Ferraro's interest would be deemed to be personal property. § 689.071(4) provides that such provision in a recorded instrument "shall be controlling for all purposes where such determination shall become an issue under the laws or in the courts of this state".
Ferraro contends that the pledge of his trust participation certificate was merely security for a loan, and therefore it constituted a mortgage requiring legal foreclosure. But the facts alleged in the amended complaint are insufficient to support such contention. The loan agreement and the assignment of the trust participation certificate indicated no intention that transfer of the certificate was to secure payment of the note. The language in the agreement conveys legal title to the certificate and not the granting of a lien thereon: In short, it was an assignment of the certificate to the defendants. There is no merit to Ferraro's naked contention that the parties did not intend to transfer legal title to the certificate.
Appellees urge that Ferraro was guilty of laches, but in view of what we have hereinbefore said on the merits of the case, it is unnecessary to rule upon the point.
The interlocutory order appealed is affirmed.
HOBSON, C.J., concurs.
McNULTY, J., dissents with opinion.
McNULTY, Judge (dissenting).
I would agree with the majority that F.S. § 689.071, F.S.A., is applicable in this case to the extent that pursuant thereto the land trust agreement herein created a personal property interest in appellant. However, the amended complaint alleges that *625 appellant's interest, whatever its nature, was "assigned" to defendants as security for a promissory note, in support of which the record reveals that the promissory note, a loan agreement and the aforementioned assignment were all executed simultaneously several weeks after the land trust agreement was entered into. This may present a factual issue, but in the present posture of the case it must now be considered as true. Accordingly, in my view, appellant sufficiently pleaded that the assignment was in truth, a "lien" within the contemplation of F.S. § 697.01, F.S.A.; and he is entitled to a declaration thereof for purposes of preserving any right of redemption or other relief he deems appropriate.
In this latter regard, I would concede that if the aforesaid "assignment" was a "pledge" agreement, then § 697.01, supra, doesn't apply. If it was a "conveyance", however, and intended to be used as "security" for the loan, then I think it's a "lien" pursuant to said section. Thus another triable factual issue is clearly presented at least as to the "intent" of the assignor. Any defenses thereto, such as laches or the "unclean hands" doctrine should be pleaded and proved. Therefore, an order granting the motion to dismiss was, I think, improper in the present posture of the case and I would reverse.