QUESTION: May Florida's homestead exemption be claimed for ad valorem tax purposes on a home placed in an inter vivos trust?
SUMMARY: As a general rule, when real property is placed in trust, the trust beneficiary, even where he makes his permanent home on the real estate, does not have "legal or equitable title to real estate" within the meaning of Art. VII, s. 6, State Const., sufficient to maintain a claim for homestead exemption. However, when the trust in question is of such a nature that it would be considered a passive rather than an active trust and the beneficiary has a present possessory interest and makes the real estate comprising the corpus of the trust his permanent home, he may have sufficient equitable title to real estate so as to support a claim for homestead tax exemption. Your question is probably not susceptible to an answer which would be applicable in every situation. However, it is my opinion that in the vast majority of circumstances, homestead exemption would not be available. Your letter and the correspondence attached thereto do not draw my attention to any specific trust or trust instrument. The inquiry is apparently directed to a situation where a home owner, acting as settlor, will establish a revocable inter vivos trust placing his home in the trust, apparently with a bank and trust company acting as trustee. It is apparently contemplated that the settlor will also be the beneficiary of the trust and will continue to reside in the house as a home for himself and his family. Under the Constitution of the State of Florida, the basic homestead exemption is granted to "every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another, legally or naturally dependent upon the owner." Article VII, s. 6, State Const.; also see s. 196.031, F.S. Since it is assumed for purposes of this opinion that the beneficiary of a trust such as that about which you inquire would make his permanent residence on the property, the question would seem to turn on whether he has legal or equitable title to real estate. In such a situation, legal title to the real estate would obviously be in the trustee, rather than the settlor-beneficiary. Thus, the question would appear to turn ultimately upon whether the beneficiary might be said to have equitable title to real estate. Various aspects of the question you raised have been considered in previous Attorney General's Opinions. In AGO 072-12, I answered the question: "May homestead tax exemption under Article VII, Section 6, State Constitution 1968, be based upon residence of a beneficiary under a trust instrument which vests no present possessory right in such beneficiary?" in the negative. See also Aetna Insurance Company v. LaGasse, 223 So.2d 727 (Fla. 1969). In AGO 055-78, the conclusion was stated "the title of the beneficiary under the trust is neither a legal title nor a beneficial title in equity to real property in this state, and such interest as the said beneficiary may have is not such as will support a claim for homestead tax exemption." Two other Attorney General's Opinions have also had occasion to consider the availability of homestead exemptions to the beneficiary under an "Illinois land trust." The principal characteristic of such a trust is a provision that the interest of the beneficiary shall be deemed to be personal property. It is also common for such an instrument to provide that the interest of the beneficiary, who is usually also the settlor, will pass upon his death as personal property rather than real property. Under such a trust, the trustee often has very little in the way of actual rights, powers, and responsibilities other than typically a power of sale after the expiration of a certain period of years. Such instruments frequently stipulate that the trustee shall have no duty in respect to the management or control of the property or for collection, handling, or application of any rents or earnings. These responsibilities, rights, and duties are generally left to the settlor-beneficiary. In AGO 055-18, considering such an instrument, the conclusion was reached that where the settlor-beneficiary lived on the land and made his permanent home thereon, he had sufficient equitable title to real property upon which to base an application for homestead tax exemption. The conclusion of the opinion was based upon the reasoning that the trust in question was a dry or passive trust, making the interest of the beneficiary an interest in real property rather than personal property. On the other hand, a later opinion, AGO 056-271, suggested that there was no positive general answer to be given to the question as to the nature of the beneficiary's interest under such trusts and concluded that each instrument, together with the facts and circumstances surrounding it, must be specifically considered. That latter opinion, however, indicated a tendency of the courts in Florida to follow the courts of Illinois in holding such trusts to be active and in further recognizing the declaration in them to the effect that the beneficiary's interest would be one in personal property. Subsequent to both of these opinions, the Legislature of the State of Florida, in 1963, enacted s. 689.071, F.S. This act was stated to be remedial in nature and to vest absolute title in real property in anybody dealing with a trustee so named in the deed of trust. Furthermore, in s. 689.071(4), the statement was contained: In all cases where said recorded instrument, as hereinabove provided, contains a provision defining and declaring the interests of beneficiaries thereunder to be personal property only, such provision shall be controlling for all purposes where such determination shall become an issue under the laws or in the courts of this state. In the case of Ferraro v. Parker, 229 So.2d 621 (2 D.C.A. Fla., 1969), Florida's Second District Court of Appeal expressed the thought that the enactment of s. 689.071 mandated the recognition of the so-called "Illinois land trust" as active rather than passive. Thus, it is my opinion that under the specific facts considered in AGO 055-18, in the light of existing statutory and case law, the claim for homestead exemption would not now be available. I do, however, concur in the conclusion of that opinion to the effect that where a given trust would under present Florida law be considered passive rather than active, and the trust beneficiary with a right to possession lives on the property comprising the corpus of the trust, making that the permanent home of himself or his family, there would still be sufficient equitable title to real property to claim homestead tax exemption. When a trust is considered active rather than passive, under Florida law, the interest of a beneficiary would seldom if ever qualify as a basis for a claim of homestead exemption even though the beneficiary may make the trust property his permanent home. While it is true that the beneficiary of an active trust has an equitable interest in the trust property (Columbia Bank for Coop. v. Okeelanta Sugar Coop., 52 So.2d 670 (Fla. 1951); 33 Fla. Jur. Trusts s. 32), the nature of such property interest for ad valorem tax purposes has generally been considered to be intangible personal property. Wood v. Ford, 3 So.2d 490 (Fla. 1941); s. 199.023(6), F.S. Thus, for ad valorem tax purposes, this interest would appear to be assessable as intangible personal property rather than as real property, and the homestead exemption would not be available. Moreover, even if the beneficiary did have such an interest as would support a claim for homestead exemption, in the case of Florida National Bank of Jacksonville v. Simpson, 59 So.2d 751
(Fla. 1952), the Florida Supreme Court held that, for ad valorem tax purposes, the trustee as holder of the legal title to the trust corpus should be assessed and taxed on the full value of the trust corpus regardless of any exemption to which one or more of the beneficiaries might be entitled.