GRIMES, Judge.
This appeal involves a dispute between the trustee/beneficiary of a trust agreement and one of the other beneficiaries.
Waldon Sundstrom, Joséph Waters, and others, entered into a trust agreement dated June 24, 1972. The purpose of the trust was to hold and develop a parcel of real estate situated in Collier County. Mr. Sundstrom was the trustee and a beneficiary of the trust and Mr. Waters was a beneficiary. The trust agreement included the following provision:
PART II: DUTIES OF THE BENEFICIARIES
(1) To make all payments due from each such BENEFICIARY (according to his pro-rata interest) to the TRUSTEE, so that there will be full compliance with the terms and provisions of that certain purchase-money mortgage describing the REAL ESTATE, a true copy of which is attached as Schedule C.
(2) Should any BENEFICIARY fail to comply with his obligations under this *56 AGREEMENT, then and in such an event, one or more of the other BENEFICIARIES shall have the right to advance the amount due from such defaulting BENEFICIARY. For any sum só advanced, the one(s) so advancing the same shall have a lien on the undivided interest of the defaulting BENEFICIARY, together with interest at the rate of 10% per annum until paid. In the event that such default shall continue for six months, then the interest of such defaulting BENEFICIARY shall be considered as offered for sale to the other BENEFICIARIES according to the procedure hereinabove set forth for the sale of any BENEFICIARY’S beneficial or equitable interest.
In 1978, Mr. Sundstrom, acting as both trustee and beneficiary, filed a complaint against Mr. Waters seeking to establish and foreclose a lien on Mr. Waters’ interest in the trust under the provisions of the trust agreement set out above. He alleged that Mr. Waters was in default for failure to make certain payments that were required by the trust agreement. He further alleged that he personally had advanced the sums necessary to make up Waters’ default. After trial, the court entered a final judgment in which it found that Mr. Waters had paid $38,650.13 into the trust but that he owed the trust another $25,320.93 for proper trust expenses. The court ordered
that the Lien of the Plaintiff, WALDON L. SUNDSTROM, as Beneficiary in the sum of $25,320.93 shall be foreclosed, the beneficial interest shall be sold on the interest of JOSEPH E. WATERS in the amount of $38,650.13 and the Defendant, JOSEPH E. WATERS, shall have the sum of $13,329.20, paid to him by the Trust, as the remaining portion of his beneficial interest, within ten (10) days from the signing of this order.
A reading of the trial transcript makes it clear that the court based its findings upon testimony to the effect that Mr. Waters had a forty percent interest in the trust and that forty percent of the proper expenses of the trust equaled $63,971.06.
On appeal, Mr. Waters contends that the court erred in finding that the terms of the trust agreement required foreclosure of his interest in the trust. He argues that the agreement calls only for him to make such payments as are necessary to satisfy the terms of the purchase money mortgage on the property in trust and that the $38,-650.13 which he paid into the trust covered his share of payments on the mortgage. We agree with Mr. Waters' position. The undisputed evidence demonstrates that the $38,650.13 more than adequately covered a forty percent share of the cost of purchasing the land.[1] Because the agreement plainly states that a beneficiary is entitled to a lien only when there is a default under the agreement and since the agreement only requires a beneficiary to make such payments as are needed to satisfy the purchase money mortgage, it is clear that Mr. Sundstrom was not entitled to a lien under the terms of the. agreement.[2]
In reaching this conclusion, we must reject two arguments of Mr. Sundstrom whereby he would expand a beneficiary’s duties under the trust agreement. The first argument is that the agreement must be read to contain the terms of an earlier subscription agreement entered into by the parties which called for the beneficiaries to pay all expenses of the trust. Thus, Sund- *57 strom contends, Waters’ failure to answer a call to pay trust expenses as required in the subscription agreement activated the lien provisions of the trust agreement. This argument is without merit. The trust agreement includes a clause which reads, “This Trust Agreement represents the entire agreement among the parties hereto, and all prior written memoranda and all prior oral conversations are merged herein.” This clause extinguished the earlier subscription agreement because a merger of an earlier contract into a later one extinguishes the earlier one. See, e. g., National Cash Register Co. v. Modern Transfer Co., 224 Pa.Super. 138, 302 A.2d 486 (1973); 5 W. Jaeger, Williston on Contracts § 811 (3d ed. 1961).
Mr. Sundstrom’s second argument is that the duty of the beneficiaries to pay expenses of the trust can be found in the term of the trust agreement which gives the trustee the duty and authority “[t]o pay all proper expenses of the Trust, including but not limited to, premiums for insurance and real estate taxes.” While the failure of a beneficiary to contribute his proportionate share of trust expenses may give rise to a claim by the trustee against the beneficiary’s interest in the trust, it does not follow that this would constitute a breach of the trust agreement. Accordingly, it simply cannot be said that Mr. Waters violated the trust agreement so as to authorize the foreclosure of his beneficial interest in the trust under the terms thereof.
In reversing the judgment of the trial court, we do not hold that Mr. Waters has no responsibility to share in the trust expenses, but only that his interest may not be foreclosed on the basis that he failed to comply with his obligations under the agreement. Obviously, the trust did and will continue to have expenses, and Mr. Waters may be legally obligated to provide his share of these expenses. However, since the parties have neither briefed nor discussed any of the issues surrounding Mr. Waters’ responsibility outside the terms of the agreement, we will not here consider the matter further but will remand the case to the trial court for further proceedings. At that time, the court may wish to take testimony and hear argument on issues relating to the intent of the parties when they reached the agreement and any duties which the law imposes upon the beneficiaries of such agreements.
REVERSED and REMANDED.
SCHEB, C. J., and DANAHY, J., concur.

. While the parties make no issue of it, it is actually incorrect to say that Mr. Waters owns a forty percent share of the trust. The trust agreement discloses that he owns only 13.33333% of the trust individually. His wife owns a 6.66667% share and he and his wife together own three 6.66667% shares as co-trustees for their three children. We expect that on remand the court will take steps to protect the interests of Mr. Waters’ wife and children who have not been made parties to this action.

. In reaching this result, we are not suggesting that the expenses incurred by Mr. Sundstrom as trustee were not appropriate trust expenses. There was sufficient evidence to support the court’s findings that these expenses were proper. Likewise, we affirm the dismissal of Mr. Waters’ counterclaim for an accounting.