HERSEY, Judge.
Appellant, as the owner and holder of a promissory note which was secured by a mortgage and on which a default had occurred, filed suit against James Leavitt as trustee under a purported Illinois land trust and against the individual beneficiaries of that land trust. After dismissal of several counts of a fourth amended complaint for failure to state a cause of action against the beneficiaries of the trust and for failure to sufficiently allege facts upon which jurisdiction over those beneficiaries could be sustained, this appeal was taken. That portion of the complaint stating a cause of action against the trustee for default remains viable in the trial court.
It is appellant’s position that the document which purportedly created the land trust in fact created a partnership or a joint venture thereby subjecting the individual investors to personal liability as partners or joint venturers.
We hold that the order dismissing various counts of the complaint with prejudice is sustainable on either of two grounds. First the complaint alleges legal conclusions rather than specific facts tending to show'that the land trust is defective. We do not suggest that evidence should be pled but more is required than to simply state that the document constitutes an agreement of partnership or joint venture. It was reasonable for the trial court to assume after four tries that such factual allegations could not be made.
• Additionally the terms of the trust agreement would not control unless that agreement were part of the transaction between the original mortgagor and mortgagee. *457 This could have been accomplished specifically between the parties or by recording the trust agreement and referring to it appropriately in the mortgage documents. That was not done here. Section 689.071, Florida Statutes (1979), clearly sanctions the use of the so-called “Illinois Land Trust” in Florida.
It is too clearly ingrained into our jurisprudence to require citation that the beneficiary of a trust, validly established, is not rendered personally liable by the acts, omissions, contracts or other activities or undertakings of his trustee.
The document appended to the complaint established a land trust as contemplated by the statute. The prerequisites are examined in Taylor v. Richmond’s New Approach Association, Inc., 851 So.2d 1094, 1095 (Fla.2d DCA 1977), and are said to be:
The so-called Illinois land trust contemplates that title to real property be taken in the name of a trustee under a recorded deed of trust while a second unrecorded agreement between the trustee and the beneficiaries declares the trustee to be vested with full legal and equitable title subject to certain specified rights of the beneficiaries which are declared to be personal property of the beneficiaries. See Florida Real Property Practice II, § 11.32 (Fla.Bar Continuing Legal Educ. Practice Manual, 1975). Prior to 1963 it was believed that an Illinois land trust might fail in Florida because of the statute of uses. See McGriff v. McGill, 62 So.2d 28 (Fla.1952); Elvins v. Seestedt, 141 Fla. 266, 193 So. 54 (1940).
In 1963 our legislature insured the validity of the Illinois land trust by the enactment of Chapter 63-468, Laws of Florida, which has now become Section 689.071, Florida Statutes (1975). The preamble to Chapter 63-468 recites that the Illinois land trust was a method by which developers had successfully attracted the investment of new capital and it was deemed desirable to encourage the growth of Florida land development by sanctioning the use of this method of doing business. The statute permits the trustee to convey freely without the join-der of spouses or beneficiaries and allows third persons to deal with the trustee without having to inquire into his authority. Grammer v. Roman, 174 So.2d 443 (Fla.2d DCA 1965).
See also Ferraro v. Parker, 229 So.2d 621 (Fla.2d DCA 1969). In the absence of very special circumstances, and none are properly alleged in the fourth amended complaint, the beneficiaries have no personal liability on the promissory note.
We have also determined that the cross-appeal is without merit.
AFFIRMED.
DOWNEY and HURLEY, JJ., concur.