Mr. David C. Nolte Indian River County Property Appraiser 1840 25th Street Vero Beach, Florida 32960
Dear Mr. Nolte:
You have asked substantially the following question:
Can the beneficiary of a personal residence trust under Internal Revenue Code Section 2702(a)(2) and (3) qualify the corpus property for the homestead exemption under section 196.031(1), Florida Statutes?
In sum:
A homestead exemption is not available to the settlor or beneficiary of a trust that grants the beneficiary a possessory interest for a term of years in the corpus of the trust, despite the fact that the settlor or beneficiary might otherwise meet the requirements of section 196.031(1), Florida Statutes.
Article VII, section 6(a), Florida Constitution, provides:
Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits . . . The real estate may be held by legal or equitable title, by the entireties, jointly, [or] in common. . . .[1]
Article VII, section 6, Florida Statutes, is incorporated in section 196.031(1), Florida Statutes, which requires that a beneficiary or applicant, in order to qualify for the homestead exemption, hold either legal or equitable title to the real property at issue.
You have included with your letter a copy of a warranty deed and trust instrument that apparently are used to set up a trust that qualifies for estate planning treatment under Sections 2701 through 2704 of the Internal Revenue Code 1993.[2] By the terms of the deed, legal title to the property or corpus is vested in the trustee. Therefore, the beneficiary is entitled to homestead exemption only if the beneficiary holds equitable title to the real estate.
A beneficiary's interest in a land trust is generally deemed to be personal property.[3] In fact, a beneficiary's interest in land trusts created under section 689.071, Fla. Stat., is expressly characterized as personal property and has been held subject to foreclosure under Article 9 of the Uniform Commercial Code of Florida.[4]
This general proposition is consistent with a line of opinions rendered by my predecessors in office that generally concluded that the interest of the beneficiary for ad valorem tax purposes was personal property unless the trust was a passive or dry trust.[5]
If so, the trust would be void and the interest and powers of the trustee would be merged with those of the beneficiary, conferring the requisite title upon the beneficiary.
However, the power to declare the trust void is exclusively a judicial function that can only be exercised by the courts and is not within the authority of the Property Appraiser. Florida courts are extremely reluctant to take this step and will try to sustain the trust whenever possible.[6] Nothing in your letter and attachments would indicate the trust is passive or dry and, accordingly, no such presumption will be made.
In general, the courts have held that the homestead exemption is to be construed liberally for the benefit of those it was designed to protect.[7] In this regard, the Legislature amended section196.041, Florida Statutes, to provide:
A person who otherwise qualifies by the required residence for the homestead tax exemption provided in s. 196.0031 shall be entitled to such exemption where his possessory right in such real property is based upon an instrument granting to him a beneficial interest for his life, such interest being hereby declared to be "equitable title to real estate," as that term is employed in s. 6, Art. VII of the State Constitution; and such person shall be entitled to the homestead tax exemption irrespective of whether such interest was created prior or subsequent to the effective date of this act.[8] (e.s.)
In Attorney General Opinion 90-70, this office concluded the above statutory revision authorized a trust beneficiary to qualify for homestead exemption. In that case, the trust instrument specifically granted an interest in the property for life.
The trust instrument you have provided refers to the term of its existence in at least two places. The first is in Article I, Section A, where the following language is found: "Settlor desires to retain a term interest . . . to possess and occupy the Residence . . . for ten (10) years from the date hereof. . . ." This section also states that "Settlor's retained term interest shall expire on October 21, 2003." In Article V, the trust makes provisions for a life estate in the settlor's husband, should she die during the ten-year term and he survives beyond that time. However, if the settlor survives beyond the ten-year term, her rights in the property will be extinguished.
A review of the above-stated authority and the trust instrument in question indicates that the settlor or beneficiary does not possess the requisite equitable title pursuant to the line of cases and opinions cited above. The provisions of section196.041(2), Florida Statutes, do not aid the beneficiary as the trust instrument did not grant her an interest "for her life" but for a term of years. Thus, even should the beneficiary meet the other criteria for homestead exemption set forth in section196.031, Florida Statutes, the required title is not present and homestead exemption cannot be made available to the beneficiary of this type of trust.
Accordingly, I am of the opinion that the homestead exemption would not be available to the settlor or beneficiary of a trust that grants the beneficiary a possessory interest for a term of years in the corpus of the trust, despite the fact that the settlor or beneficiary might otherwise meet the requirements of section 196.031(1), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] And see, Art. VII, s. 6(d), Fla. Const., and s. 196.031(1) and s. 196.031(3)(d), Fla. Stat. (1993), which increases the homestead exemption from $5,000 to $25,000.
[2] The Revenue Reconciliation Act of 1990 repealed section 2036 of the Internal Revenue Code and replaced it with an approach to cover attempts to transfer family interests with an indirect retention of property interest. This act adopted sections 2701 through 2704 and provided for gift tax treatment depending upon the value of the interest retained, as calculated by these code sections. Section 915, Real Estate Transaction Tax Planning and Consequences, Mark Lee Levin, 1991.
[3] See, Ferraro v. Parker, 229 So.2d 621 (Fla. 2d DCA 1969) and Waters v. Sundstrom, 386 So.2d 54 (Fla. 2d DCA 1980). And see, Section 17-3 Florida Law of Trusts (1993), John G. Grimsley. See also, Columbia Bank for Cooperative v. Okeelanta Sugar Cooperative,52 So.2d 670 (Fla. 1951) and Wood v. Ford,3 So.2d 490 (Fla. 1941); Florida Tax Service 2nd, Hudson, s. 62.83(4). Other notable cases in this area generally contain a designation that the beneficiary's interest is to be considered personal property. See, Goldman v. Mandell, 403 So.2d 511 (Fla. 5th DCA 1981). See also, Florida National Bank of Jacksonville v. Simpson,59 So.2d 751 (Fla. 1952).
[4] See, Ops. Att'y Gen. Fla. 76-204 (1976), 74-313 (1974), 72- 12 (1972), 56-271 (1956), and 55-78 (1955).
[5] Magnuson v. Jones, 491 So.2d 1315 (Fla. 5th DCA 1986).
[6] Aetna Insurance Company v. LaGasse, 223 So.2d 727 (Fla. 1969); Ferraro v. Parker, 229 So.2d 621 (Fla. 2d DCA 1969). And see, Ops. Att'y Gen. Fla. 76-204 (1976) and 74-313 (1974).
[7] See, e.g., Drucker v. Rosenstein, 19 Fla. 191 (1882); Cain v. Cain, 549 So.2d 1161 (Fla. 4th DCA 1989). And see, Op. Att'y Gen. Fla. 90-70 (1990).
[8] Section 196.041(2), Fla. Stat. (1993).