664 So.2d 1 (1995)
Joel W. ROBBINS, as Property Appraiser of Dade County, Florida, Appellant,
v.
R. Earl WELBAUM and Joan M. Welbaum, Trs., and Lawrence H. Fuchs, as Executive Director of the State of Florida Department of Revenue, Appellees.
No. 95-1730.
District Court of Appeal of Florida, Third District.
December 13, 1995.
Robert A. Ginsburg, County Attorney, and Cynthia Johnson-Stacks, Assistant County Attorney, for appellant.
Welbaum, Zook & Jones, and R. Earl Welbaum, Coral Gables, for appellees.
Before COPE, GERSTEN and GODERICH, JJ.
GERSTEN, Judge.
Appellant Joel W. Robbins, Dade County Property Appraiser, ("Property Appraiser") appeals a summary judgment in favor of appellees R. Earl Welbaum and Joan Welbaum ("the Welbaums"), which allows the Welbaums to claim a homestead exemption on their residence held in a qualified personal residence trust ("QPRT"). Recognizing this as a case of first impression in Florida, we affirm.
On December 1, 1992, the Welbaums executed a QPRT, transferring their residence to an irrevocable inter vivos trust. A QPRT is part of the federal income tax code which allows homeowners to transfer property to their children while avoiding future estate taxes. See I.R.C. § 2702; Peter A. Borrok, Four Estate Planning Devices to Get Excited About, N.Y.St.B.J., Jan. 1995, at 32; David C. Humphreys, Jr., Qualified Personal Residence Trusts: "Have Your Grits and Eat Them, Too!", S.C.Law., Nov.-Dec. 1994, at 45.
Under the language of the QPRT, the Welbaums relinquished "absolutely and forever all of his or her possession or enjoyment of or right to the principal and income from the trust estate." Both of the Welbaums have a present possessory right to live on the residential property until the earlier of either ten years[1] from the QPRT's creation date or his or her spouse's death.
As trustees of the QPRT, the Welbaums applied for a homestead exemption from ad *2 valorem taxes for 1993. The Property Appraiser denied the application because the Welbaums did not hold a life estate in the property. The Welbaums petitioned the Dade County Value Adjustment Board, contesting the Property Appraiser's decision, and the board granted the exemption. The Property Appraiser then filed a circuit court action challenging the board's decision. The Welbaums moved for summary judgment, which the trial court granted.
The Property Appraiser contends that the Welbaums do not qualify for homestead exemption because their use of the residence is limited by the QPRT. According to the Property Appraiser, the house cannot constitute the Welbaum's permanent residence, as the Welbaums have the present intent of moving within ten year's time. The Welbaums assert they are entitled to homestead exemption because they indisputably hold equitable title in the home, which is their permanent residence.
Section 196.031, Florida Statutes (Supp. 1994), allows individuals to claim a home exempt from ad valorem taxation if they hold legal or beneficial title to that home and, in good faith, make it their permanent residence. For homestead exemption purposes only, individuals holding beneficial title includes residents whose stay on the property is limited by jointure or settlement. § 196.041, Fla. Stat. (1993).
Here, both parties agree the QPRT is valid under I.R.C. § 2702 and creates a jointure or settlement under the meaning of § 196.041 of the Florida Statutes. As such, the Welbaums hold beneficial title to their residence for homestead purposes, and because they have, in good faith, made it their permanent residence, they are entitled to homestead exemption.
The Property Appraiser argues that there should be a minimum time period during which a claimant must hold an interest in property before being deemed to hold beneficial title to the property for homestead exemption purposes. Neither the statute nor the constitution places such a time limit on beneficial title, and we decline to do so as well. It is enough that the Welbaums held beneficial title, under the definition of § 196.041, during the year in which they claim the exemption.
Accordingly, we hold that in circumstances such as these, individuals placing their permanent residence in a QPRT are entitled to homestead exemption.
Affirmed.
NOTES
[1] According to the trust agreement, Joan Welbaum has a fifteen-year present possessory right in the home, while her husband has a ten-year present possessory right. For the purposes of this opinion, however, the time frame during which both parties may reside in the home will be referenced by the more limited ten-year provision.