The Honorable V. Frank Desguin Charlotte County Property Appraiser 18500 Murdock Circle Port Charlotte, Florida 33948-1076
Dear Mr. Desguin:
You ask substantially the following questions:
1. When two individuals, each holding ownership of an undivided one-half interest, place their respective shares into separate qualified personal residence trusts and only one of the owners applies for and receives a homestead exemption, does the limitation provided in section193.155, Florida Statutes, apply to the undivided half interest of the owner who applied for and received a homestead exemption or to the whole property?
2. Does the answer to the above question change if the two owners are husband and wife?
As your questions are interrelated, they will be answered together.
According to your letter, an individual purchased a home and filed for a homestead exemption, which was granted. Subsequently, the owner conveyed an undivided half interest in the property to another individual while retaining a half interest in the property. At that time, both owners established qualified personal residence trusts with one owner serving as the other's trustee. The owners were advised that each had to file for the homestead exemption. One of the owners applied for a homestead exemption, which was granted; the other did not.
A Qualified Personal Residence Trust is an estate planning device whereby the settlor creates "an irrevocable trust funded by the transfer of a personal residence to the trustee while retaining in the transferor a right to reside on the property for a term of years."[1] Qualified personal residence trusts are recognized by the federal income tax code, which allows homeowners to transfer property to their children or beneficiaries while avoiding future estate taxes.[2]
In Robbins v. Welbaum,[3] the taxpayers had placed their permanent residence in a qualified personal residence trust but applied for a homestead exemption while they continued to reside in the residence. The property appraiser contended that the taxpayers did not qualify for a homestead exemption because their use of the residence was limited by the qualified personal residence trust. The Robbins court concluded that the taxpayers were entitled to a homestead exemption, even though the trust limited the taxpayers' use of the residence to the earlier of ten years from the trust's creation or death of one of the taxpayers, holding that it was sufficient that the taxpayers owned beneficial title to the residence during the year in which they claimed exemption. Subsequently in Nolte v. White,[4] the appellate court affirmed the lower court's ruling that the appellee could claim a homestead exemption in property that she conveyed to a qualified personal residence trust and in which she retained a right to reside for a term of eight years.
It is an elemental part of the tax law of Florida that, in order to qualify for the benefit of a tax exemption, the person seeking the exemption must clearly come within the requirements and scope of the law granting the exemption.[5] While doubtful language in taxing statutes should be resolved in favor of the taxpayer, the reverse is applicable in the construction of exceptions and exemptions from taxation.[6]
Florida's tax exemption for homesteads is provided by Article VII, section 6, Florida Constitution, and various provisions of the Florida Statutes. The constitutional provision does not establish an absolute right to a homestead exemption; rather, the exemption may be granted to an applicant only "upon establishment of right thereto in the manner prescribed by law."[7] Section 193.155, Florida Statutes, provides that homestead property shall be assessed at just value as of January 1, 1994. Property receiving the homestead exemption after January 1, 1994, shall be assessed at just value as of January 1 of the year in which the property receives the exemption. Subsection (1) of section 193.155, however, provides that beginning in 1995, or the year following the year the property receives homestead exemption, whichever is later, the property shall be reassessed annually on January 1 and any change resulting from such reassessment shall not exceed the lower of the following:
"(a) Three percent of the assessed value of the property for the prior year; or
(b) The percentage change in the Consumer Price Index for All Urban Consumers, U.S. City Average, all items 1967=100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics."
Section 193.155(2), Florida Statutes, constitutes the legislative implementation of a 1992 constitutional amendment that limited ad valorem taxation on homesteads. The amendment levied a base year "just value" assessment for each homestead as of January 1, 1994, and restricted subsequent increases in assessments to the lower of either (a) three percent of the prior year's assessment, or (b) a percent change in the Consumer Price Index.[8] The purpose of the amendment was to encourage the preservation of homestead property in the face of ever-increasing opportunities for real estate development, and rising property values and assessments.[9]
Subsection 4(c)(3) of Article VII, Florida Constitution, however, provides:
 "After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided herein." (e.s.)
Subsection (3) of section 193.155, Florida Statutes, implements this provision by stating:
"(3) Except as provided in this subsection, property assessed under this section shall be assessed at just value as of January 1 of the year following a change of ownership. Thereafter, the annual changes in the assessed value of the property are subject to the limitations in subsections (1) and (2). For the purpose of this section, a change in ownership means any sale, foreclosure, or transfer of legal title or beneficial title in equity to any person, except as provided in this subsection. There is no change of ownership if:
(a) Subsequent to the change or transfer, the same person is entitled to the homestead exemption as was previously entitled and: 1. The transfer of title is to correct an error; or 2. The transfer is between legal and equitable title; (b) The transfer is between husband and wife, including a transfer to a surviving spouse or a transfer due to a dissolution of marriage; (c) The transfer occurs by operation of law under s. 732.4015; or (d) Upon the death of the owner, the transfer is between the owner and another who is a permanent resident and is legally or naturally dependent upon the owner."
You ask whether the limitation contained in section 193.155, Florida Statutes, applies only to the undivided one-half interest for which a homestead exemption was received.
Section 193.155(7), Florida Statutes, clearly provides:
 "If a person received a homestead exemption limited to that person's proportionate interest in real property, the provisions of this section apply only to that interest."
Based upon such language, it appears that a person who received a homestead exemption for his or her undivided one-half interest in the property would be entitled to benefits of the assessment cap provided by the statute for that one-half interest only. The limitations on assessment afforded by section 193.155, Florida Statutes, would not be applicable to the other one-half interest that had not received a homestead exemption.
Such a conclusion would not appear to be affected by the fact that the two individuals were husband and wife in light of how the property was held in the instant inquiry. The property was not held as a tenancy by the entirety but rather each individual held an undivided one-half interest that was subject to the individual's separate and independent disposition.[10] While section 193.155(3), Florida Statutes, refers to transfers between husband and wife, such provisions relate to whether a change in ownership has occurred. As noted above, the statute requires that the property be reassessed at just value the year following a change in ownership. Among the exceptions recognized are transfers between legal and equitable title and transfers between husband and wife.[11] Your inquiry, however, relates to whether the cap recognized in section 193.155
applies to the whole property or the one-half interest, not to whether the property value needs to be reassessed at just value following a change in ownership.
Accordingly, I am of the opinion that when two individuals, each holding ownership of an undivided one-half interest, place their respective shares in a qualified personal residential trust and only one of the owners applies for and receives a homestead exemption, the cap limitations provided in section 193.155, Florida Statutes, in assessing the value of property apply only to the undivided half interest of the owner who applied for and received a homestead exemption. Such a conclusion would apply even if the two individuals were husband and wife.
Sincerely,
Charlie Crist Attorney General
[1] Nolte v. White, 784 So.2d 493, 494 (Fla. 4th DCA 2001), quoting, Jeffrey A. Baskies, Understanding Estate Planning with Qualified PersonalResidence Trusts, 73 Fla. B.J. 72 (1999).
[2] See, e.g., 26 U.S.C. § 2702.
[3] 664 So.2d 1 (Fla.3d DCA 1995).
[4] 784 So.2d 493 (Fla. 4th DCA 2001).
[5] See, Green v. Pederson, 99 So.2d 292 (Fla. 1957).
[6] United States Gypsum Company v. Green, 110 So.2d 409 (Fla. 1959);Straughn v. Camp, 293 So.2d 689 (Fla. 1974); State v. Thompson,101 So.2d 381 (Fla. 1958); and Lake Garfield Nurseries Company v. White,149 So.2d 576 (Fla.2d DCA 1963).
[7] Horne v. Markham, 288 So.2d 196, 199 (Fla. 1973).
[8] See, Art. VII, s. 4(c), Fla. Const. 
[9] See, Smith v. Welton, 710 So.2d 135 (Fla. 1st DCA 1998), affirmedon other grounds, 729 So.2d 371 (Fla. 1999). And see, ConstitutionalAmendments on the Florida Ballot, Understanding Florida's Issues, (Fla. Inst. of Gov., Univ. of Fla., Gainesville, Fla.), Oct. 1992, at 9. The "primary advantage" of the amendment, therefore, is the "stabilizing [of] annual increases in property taxes, [and] providing protection to the elderly and poor against losing their property due to high taxes . . . ."Id.
[10] An estate by the entireties is generally created at common law by a conveyance or devise of property to a husband and wife; the married couple, by reason of their legal unity by marriage, take the whole estate as a single person with the right of survivorship as an incident thereto. See, Beal Bank, SSB v. Almand and Associates, 780 So.2d 45
(Fla. 2001) stating that property held as a tenancy by the entireties possesses six characteristics: (1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names).
[11] Section 193.155(3)(a)2., and (b), Fla. Stat.