Dear Mr. Levy:
On behalf of the Honorable Atlee Mercer, Osceola County Property Appraiser, you have asked for my opinion on substantially the following questions:
1. Whether section 689.071(3), Florida Statutes, confers upon a trustee of a land trust a sufficient possessory interest to support a homestead tax exemption?
2. Whether section 689.071(8)(h), Florida Statutes, confers upon a beneficiary of a land trust a sufficient possessory interest to support a homestead tax exemption?
Question One — Trustees
Article VII, section 6(a), Florida Constitution, provides:
"Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits. . . . The real estate may be held by legal or equitable title, by the entireties, jointly, [or] in common. . . ."[1]
Article VII, section 6, Florida Statutes, is incorporated in section 196.031(1), Florida Statutes, which tracks the language of the constitution and requires that a beneficiary or applicant, in order to qualify for the homestead exemption, hold either legal or equitable title to the real property at issue. The statute bases entitlement to the exemption on factual determinations relating to the person seeking the exemption.
Your questions are prompted by changes made to section 689.071, Florida Statutes, the "Florida Land Trust Act." In 2007, the Florida Legislature amended section 689.071, Florida Statutes, "limiting the definition of the term `land trust' to an arrangement in which title to real property is vested in a trustee by a recorded instrument that confers certain authority as prescribed by state law[.]"[2] For purposes of the act a "[l]and trust" is defined to be
"any express written agreement or arrangement by which a use, confidence, or trust is declared of any land, or of any charge upon land, under which the title to real property, both legal and equitable, is vested in a trustee by a recorded instrument that confers on the trustee the power and authority prescribed in subsection (3). The recorded instrument does not itself create an entity, regardless of whether the relationship among the beneficiaries and the trustee is deemed to be an entity under other applicable law."[3]
As amended, section 689.071(3), provides:
"OWNERSHIP VESTS IN TRUSTEE.CEvery conveyance, deed, mortgage, lease assignment, or other instrument heretofore or hereafter made, hereinafter referred to as the "recorded instrument," transferring any interest in real property in this state, including, but not limited to, a leasehold or mortgagee interest, to any person or any corporation, bank, trust company, or other entity duly formed under the laws of its state of qualification, in which recorded instrument the person, corporation, bank, trust company, or other entity is designated "trustee" or "as trustee," whether or not reference is made in the recorded instrument to the beneficiaries of such trust or to any separate collateral unrecorded declarations or agreements, is effective to vest, and is hereby declared to have vested, in such trustee both legal and equitable title, and full rights of ownership, over the real property or interest therein, with full power and authority as granted and provided in the recorded instrument to deal in and with the property or interest therein or any part thereof; provided, the recorded instrument confers on the trustee the power and authority to protect, to conserve, to sell, to lease, to encumber, or otherwise to manage and dispose of the real property described in the recorded instrument."[4]
Thus, section 689.071(3), Florida Statutes, vests both legal and equitable title and full ownership rights in the trust property in the trustee. The 2007 amendment to this section added the phrase "both legal and equitable title" to the language identifying the
ownership rights of the trustee.
Based on the legal and equitable ownership rights granted to trustees under section 689.071(3), Florida Statutes, it is my opinion that a trustee of a Florida Land Trust created pursuant to the provisions of the Act would be entitled to claim homestead exemption from taxation on real property so long as the trustee satisfies the residence and other requirements of section 196.031, Florida Statutes.
Question Two — Beneficiaries
In light of the extensive ownership interests granted to trustees by the 2007 amendments to section 689.071(3), Florida Statutes, you have also asked whether a beneficiary of a Florida Land Trust may possess a sufficient possessory interest to support a homestead tax exemption.
A beneficiary's interest in a land trust is generally deemed to be personal property.[5] In fact, a beneficiary's interest in land trusts created under section 689.071, Florida Statutes, is expressly characterized as personal property and has been held subject to foreclosure under Article 9 of the Uniform Commercial Code of Florida.[6]
This general proposition is consistent with a line of opinions rendered by this office that generally concluded that the interest of the beneficiary for ad valorem tax purposes was personal property unless the trust was a passive or dry trust. If so, the trust would be void and the interest and powers of the trustee would be merged with those of the beneficiary, conferring the requisite title upon the beneficiary.[7]
However, the power to declare the trust void is exclusively a judicial function that can only be exercised by the courts and is not within the authority of the Property Appraiser. Florida courts are extremely reluctant to take this step and will try to sustain the trust whenever possible.[8]
In general, the courts have held that the homestead exemption is to be construed liberally for the benefit of those it was designed to protect.[9] In this regard, section 196.041(2), Florida Statutes, provides:
"A person who otherwise qualifies by the required residence for the homestead tax exemption provided in s. 196.031 shall be entitled to such exemption where his possessory right in such real property is based upon an instrument granting to him a beneficial interest for his life, such interest being hereby declared to be `equitable title to real estate,' as that term is employed in s. 6, Art. VII of the State Constitution; and such person shall be entitled to the homestead tax exemption irrespective of whether such interest was created prior or subsequent to the effective date of this act."[10] (e.s.) This office, in Attorney General Opinion 90-70, recognized that pursuant to the provisions of section 196.041(2), Florida Statutes, a trust beneficiary specifically granted a life estate in real property by the trust may qualify for the homestead exemption.[11]
Attorney General Opinion 94-50 again addressed the question of a beneficiary's entitlement to a homestead exemption under section 196.031(1), Florida Statutes. Based on the terms of section 196.041(2), Florida Statutes, above, the opinion concludes that a trust beneficiary is entitled to a homestead exemption only if the beneficiary holds equitable title to the real estate "for life." In that opinion, the trust agreement did not grant the beneficiary an interest for life, but for a term of years and the opinion concludes that, despite the fact that the settlor or beneficiary might otherwise meet the requirements of section 196.031(1), Florida Statutes, the beneficiary was not entitled to a homestead exemption.
I would note that the trustee of a Florida Land Trust may also be a beneficiary of the trust and under these circumstances would be entitled to claim a homestead exemption under section 196.031(1), Florida Statutes. The term "[b]eneficiary" is defined for purposes of the Act which provides that "[a] trustee may be a beneficiary of the land trust for which such trustee serves as trustee."[12] Chapter 196, Florida Statutes, implementing Article VII, section 6, Florida Constitution, requires that entitlement to a homestead exemption be based on a person's having either "the legal title or beneficial title in equity to real property[.]" Therefore, a trustee/beneficiary would be entitled to claim homestead exemption on property upon which he or she resides and in good faith makes a permanent residence.
With specific regard to beneficiaries of Florida Land Trusts who are not also trustees under section 689.071, Florida Statutes, I would again note that section 196.041(2), Florida Statutes, provides:
"A person who otherwise qualifies by the required residence for the homestead tax exemption provided in s. 196.031 shall be entitled to such exemption where the person's possessory right in such real property is based upon an instrument granting to him or her a beneficial interest for life, such interest being hereby declared to be "equitable title to real estate," as that term is employed in s. 6, Art. VII of the State Constitution; and such person shall be entitled to the homestead tax exemption irrespective of whether such interest was created prior or subsequent to the effective date of this act." (e.s.)
Thus, the statute allows a person to claim homestead exemption based on a beneficial interest for life; the Legislature has determined that a "beneficial interest for life" is the equivalent of "equitable title to real estate[.]"
Under the provisions of section 689.071(2), Florida Statutes, a "[b]eneficial interest" may be "any interest, vested or contingent and regardless of how small or minimal such interest may be, in a land trust which is held by a beneficiary." Clearly, the beneficial interest conveyed under section 689.071(2), Florida Statutes, could include interests other than interests for life. Thus, a beneficiary for purposes of a Florida Land Trust would not necessarily come within the scope of section 196.041(2), Florida Statutes, for purposes of entitlement to a homestead exemption. However, if the beneficiary otherwise qualifies for the homestead exemption in section 196.031, Florida Statutes, by maintaining the required residence and has a possessory right in that property based on an instrument granting him or her a beneficial interest for life in such property, the beneficiary would appear to be entitled to claim a homestead exemption on such property.
Following the issuance of Attorney General Opinion 94-50, the issue of homestead exemption arose with regards to a qualified personal residence trust (QPRT). A QPRT has been described by Florida courts as "part of the federal income tax code which allows homeowners to transfer property to their children while avoiding future estate taxes."[13] In Robbins v. Welbaum, the Third District Court of Appeal considered a property appraiser's appeal from a summary judgment allowing the Welbaums to claim a homestead exemption on their residence that was held in a qualified personal residence trust. The Welbaums had executed a QPRT transferring their residence to an irrevocable inter vivos trust and had relinquished "absolutely and forever all of his of her possession or enjoyment of or right to the principal and income from the trust estate." The Welbaums had a present possessory right to live on the residential property until the earlier of either ten years from the creation of the trust or the death of one of the spouses and had filed for a homestead exemption. The Property Appraiser denied the application because the Welbaums did not hold a life estate in the property and thus, the property appraiser argued, did not qualify for homestead exemption because their use of the residence was limited by the QPRT. The Court determined that the Welbaums held beneficial title to their residence for homestead purposes and, because they had, in good faith, made it their permanent residence, they were entitled to homestead exemption. The Court dismissed the argument of the Property Appraiser that "there should be a minimum time period during which a claimant must hold an interest in property before being deemed to hold beneficial title to the property for homestead exemption purposes." The Court addressed the Property Appraiser's argument by stating that "[n]either the statute nor the constitution places such a time limit on beneficial title, and we decline to do so as well."[14]
Relying on the rationale of the Robbins case, the Fourth District Court of Appeal subsequently issued a per curiam affirmance in favor of an appellee who claimed a homestead exemption that she had conveyed to a qualified personal residence trust and in which she retained a right to reside for a term of eight years.
Section 196.041(2), Florida Statutes, specifically provides that
"[a] person who otherwise qualified by the required residence for the homestead tax exemption provided in s. 196.031 shall be entitled to such exemption where the person's possessory right in such real property is based upon an instrument granting to him or her a beneficial interest for life. . . ." (e.s.)
This office cannot declare a statute unconstitutional or advise any officer to disregard a legislative direction or mandate. Neither this office nor the courts are authorized to embellish legislative requirements with their own notions of what might be appropriate.[15]
Therefore, it is my opinion that section 689.071, Florida Statutes, would confer upon a beneficiary of a land trust a sufficient possessory interest to support a homestead tax exemption if the person otherwise qualifies by residence for the exemption in section 196.031, Florida Statutes, and the beneficiary's possessory right in the real property is based on an instrument granting to him or her a beneficial interest for life.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] And see Art. VII, s. 6(d), Fla. Const., ss. 196.031(1), and196.031(3)(d), Fla. Stat. (1993), which increases the homestead exemption from $5,000 to $25,000.
[2] See Title, Ch. 2007-153, Laws of Fla., codifying CS/HB 743, 2007 Florida legislative session.
[3] Section 689.071(2)(d), Fla. Stat.
[4] And see s. 689.071(2), Fla. Stat., defining a "[t]rustee" and a "[b]eneficiary" for purposes of the act.
[5] See Ferraro v. Parker, 229 So. 2d 621 (Fla. 2d DCA 1969) andWaters v. Sundstrom, 386 So. 2d 54 (Fla. 2d DCA 1980). And see
Section 17-3 Florida Law of Trusts (1993), John G. Grimsley.See also ColumbiaBank for Cooperative v. Okeelanta Sugar Cooperative, 52 So. 2d 670 (Fla. 1951) and Wood v. Ford, 3 So. 2d 490 (Fla. 1941); Florida TaxService 2nd, Hudson, s. 62.83(4). Other significant cases in this area generally contain a designation that the beneficiary's interest is to be considered personal property. See Goldman v. Mandell, 403 So. 2d 511
(Fla. 5th DCA 1981). See also Florida National Bank of Jacksonville v.Simpson, 59 So. 2d 751 (Fla. 1952).
[6] See Ops. Att'y Gen. Fla. 76-204 (1976), 74-313 (1974), 72-12 (1972), 56-271 (1956), and 55-78 (1955).
[7] Magnuson v. Jones, 491 So. 2d 1315 (Fla. 5th DCA 1986).
[8] Aetna Insurance Company v. LaGasse, 223 So. 2d 727 (Fla. 1969);Ferraro v. Parker, 229 So. 2d 621 (Fla. 2d DCA 1969). And see Ops. Att'y Gen. Fla. 76-204 (1976) and 74-313 (1974).
[9] See, e.g., Drucker v. Rosenstein, 19 Fla. 191 (Fla. 1882);Cain v. Cain, 549 So. 2d 1161 (Fla. 4th DCA 1989). And see Op. Att'y Gen. Fla. 90-70 (1990).
[10] Section 196.041(2), Fla. Stat. (1993).
[11] Compare, Op. Att'y Gen. Fla. 94-50 (1994), in which this office stated that homestead exemption is not available to the beneficiary of a trust that grants the beneficiary a possessory interest for a term of years in the corpus of the trust, despite the fact that the beneficiary might otherwise meet the requirements of section 196.031(1), Florida Statutes.
[12] Section 689.071(2)(b), Fla. Stat., defines "[b]eneficiary" to mean "any person or entity having a beneficial interest in a land trust. A trustee may be a beneficiary of the land trust for which such trustee serves as trustee."
[13] See Robbins v. Welbaum, 664 So. 2d 1 (Fla. 3d DCA 1995), citing to I.R.C. s. 2702 (26 U.S.C.S. s. 2702) for the federal tax provisions relating to a QPRT; and Nolte v. White, 784 So. 2d 493 (Fla. 4th DCA 2001).
[14] Robbins, supra at 2.
[15] See Johnson v. Taggart, 92 So. 2d 606 (Fla. 1957). Cf., Chaffee v.Miami Transfer Company, Inc., 288 So. 2d 209